LAUDE v. COSSINS.

1. COURTS—PROBATE COURT—JURISDICTION—TITLE.
   The probate court is without jurisdiction to determine questions of title of real estate.

2. SAME—TITLE—CIRCUIT COURT.
   The proper forum in which to determine questions of title to real estate is the circuit court.

3. SAME—JURISDICTION—EQUITY—FRAUD—TITLE.
   Claim of plaintiff that purchase of realty was from his funds and that it was his and not an asset of the estate of his wife is a claim that is equitable in nature and his request that court impose a constructive trust upon the property of which he was defrauded by reason of her failure to place the title to the property in their joint names was based upon fraud, subject matter of which the circuit court has jurisdiction.

4. JUDGMENT—RES JUDICATA—FORM OF ACTION—JURISDICTION.
   Judgment upon a demurrer going to form of the action, defect of pleading or to jurisdiction of the court will not preclude future litigation on the merits of the controversy in a court of competent jurisdiction upon proper pleadings.

———————

REFERENCES FOR POINTS IN HEADNOTES

[1] Generally as to the jurisdiction of probate courts, see 14 Am Jur, Courts § 8.
[4, 5] 1 Am Jur, Abatement §§ 2–4; 30 Am Jur, Judgments §§ 208–212, 286.

5. SAME—RES JUDICATA—"WITH PREJUDICE."

    Inclusion of the words "with prejudice" in a judgment does not add conclusiveness to a judgment insofar as a second but different action is concerned.

6. APPEAL AND ERROR—STATEMENT OF REASONS AND GROUNDS OF APPEAL—COURT RULES.

    Appellant's statement of reasons and grounds of appeal sufficiently complies with requirements of court rule, where it reasonably informs the court and appellees as to errors relied upon (Court Rule No 66 [1945]).

7. COURTS—JURISDICTION—CONSTRUCTIVE TRUST.

    Circuit court order granting defendants' motion to dismiss plaintiff's bill to impose a constructive trust upon property of which he claims his deceased wife defrauded him, because court claimed it had no jurisdiction, deprived him of his day in court, since circuit court, rather than probate court, was the proper forum.

Appeal from Oakland; Holland (H. Russel) and Doty (Frank L.), JJ. Submitted June 16, 1952. (Docket No. 77, Calendar No. 45,481.) Decided October 6, 1952.

Bill by Charles Laude against Lolo Cossins, executrix of the estate of Violet Laude, deceased, and others to impose a constructive trust on real estate. Bill dismissed on motion. Plaintiff appeals. Reversed and remanded.

*John C. Bossenberger* (*Louis Andrzejewski,* of counsel), for plaintiff.

*Ira F. Morgan,* for defendants.

BUSHNELL, J. Violet Laude, a resident of Avon township, Oakland county, Michigan, died August 25, 1948, leaving as survivors her daughters, Lolo, Grace and Edna, her sons, George and John, and her husband, Charles Laude, plaintiff herein. Her estate

consisted of household furnishings and fixtures, a house and several lots in Avon township.

In her last will and testament, which was admitted to probate on November 12, 1948, she directed that her estate be equally divided between her 3 daughters and her husband. Defendant Lolo Cossins, a daughter, was appointed executrix. No claims were presented against the estate.

Laude, on August 9, 1951, sought a decree assigning all of the property to him, on the theory that it was accumulated out of his earnings and with the understanding and promise that title thereto would be held jointly. He charged that he relied on Violet's promises, expended about $9,000, and was thus defrauded because Violet took title in her name only. He asked that the court restrain Lolo from selling or assigning the property and closing the estate. A motion to dismiss his action, on the ground that the circuit court was without jurisdiction, was granted September 26, 1951, in an order which stated that plaintiff's bill was "dismissed with prejudice."

On September 20, 1951, Laude began a second action in equity, alleging that in 1937 he and Violet had agreed to purchase property as tenants by the entireties, and that he provided all the funds. In his second bill of complaint Laude asked that the court impose a constructive trust upon the property of which he was defrauded by Violet's failure to place the title thereto in their joint names. He sought a decree declaring him to be the true and equitable owner of the assets of Violet's estate.

Two motions to dismiss Laude's second bill of complaint were filed; one by Lolo in her capacity as administratrix, and the other by Lolo, Grace and Edna, individually as devisees and legatees under the will. The court stated that it had no jurisdic-

tion. An order was entered dismissing Laude's bill of complaint "with prejudice."

Defendants argue that a court of chancery is without power to set aside the provisions of a will which has been admitted to probate. Laude, however, is not attacking the validity of the will or questioning the order of the probate court. He claims the right to equitable relief on the ground that the assets of Violet's estate are his property and not that of testatrix. The question, therefore, is whether the trial court has jurisdiction to determine Laude's adverse claim of ownership of property included in the assets of Violet's estate.

The probate court is without jurisdiction to determine questions of title. *Mitchell* v. *Bay Probate Judge,* 155 Mich 550, 554; *Rudolphi* v. *Gilbert,* 209 Mich 141; and *In re Estate of Fraser,* 288 Mich 392. The proper forum in which to determine questions of title is the circuit court. Plaintiff's claim is equitable in nature and is based upon allegations of fraud. See, in this connection, *Fred Macey Co.* v. *Macey,* 143 Mich 138 (5 LRA NS 1036), and *Lewis J. Selznick Enterprises* v. *Harry I. Garson Productions,* 202 Mich 111.

The order dismissing plaintiff's second bill was not based upon any *res judicata* theory, but rather upon a determination of lack of jurisdiction with the added suggestion that the procurement of process and injunction in the second action was a gross abuse of process. The first bill did not clearly state grounds for equitable relief. The second bill of complaint seeks to impose a constructive trust on the property because of the fraudulent acts of and breach of promise by the testatrix.

"Judgment upon a demurrer going to form of the action, defect of pleading or to jurisdiction of the court will not preclude future litigation on the merits

of the controversy in a court of competent jurisdiction upon proper pleadings." *Palchi* v. *Robbins* (syllabus), 272 Mich 411.

The words "with prejudice" added nothing to the conclusiveness of the first judgment. That judgment is not a bar to a different action.

Defendants also claim that plaintiff has not set up proper reasons for his appeal. Plaintiff's statement of reasons and grounds of appeal reasonably informed the court and defendants as to the errors relied upon. It sufficiently complied with the requirements of Court Rule No 66 (1945).

Plaintiff has been denied his day in court and is entitled thereto.

The order dismissing his bill of complaint is vacated and the cause is remanded for further proceedings not inconsistent with this opinion. Costs to appellant.

Dethmers, Butzel, Carr, Sharpe, Boyles, and Reid, JJ., concurred.

The late Chief Justice North did not sit.