### NELSON v. WOODWORTH.

1. JUDGMENT—PROBATE COURT—DETERMINATION OF PROPERTY INTERESTS—ESTATES OF DECEDENTS.

> A statement of the probate court characterizing conduct of executrix in the administration of the estate of her deceased mother as not being actual or constructive fraud did not constitute an adjudication or finding as to property interests in a mutual savings association account in suit brought by the administrator *de bonis non* of the mother's estate against the executrix of the estate of the executrix to impose a constructive trust upon sums withdrawn from the account which had been deposited by the executrix whose estate was surcharged in the accounting made on her behalf by the executrix of her estate.

2. SAME—RES JUDICATA—SURCHARGE OF ESTATE OF EXECUTRIX—CONSTRUCTIVE TRUST.

> The adjudication of ownership of personal property would not be within the range of functions of the probate court, where the property was not established to have then been in the

REFERENCES FOR POINTS IN HEADNOTES
[2] 30A Am Jur, Judgments § 337.
[3, 4] 54 Am Jur, Trusts § 218.

estate being probated, hence, the doctrine of *res judicata* has no application in suit to impose a constructive trust upon sums withdrawn from account in a savings and loan association which had been deposited by the executrix whose estate was surcharged in the accounting made in her behalf by the executrix of her estate.

3. Equity—Constructive Trusts.

A constructive trust is purely a remedial device by which the conscience of equity finds expression to obtain property which has been unconscionably withheld; it being unnecessary to the imposition of such trust that there be fraud in the inception of the relation, deceit or chicanery in any of its various guises.

4. Trusts—Belated Accounting—Estates of Decedents—Constructive Trust.

A constructive trust was properly imposed upon the proceeds of a savings and loan association account which had been opened by executrix of the estate who was found to have been indebted to her mother's estate in an accounting by the executrix of the estate of the executrix who had not made an accounting for nearly 22 years and the estate of which executrix was surcharged with sum owing to the mother's estate, directly to which the funds are ordered paid by executrix of the estate of the executrix.

Appeal from Bay; Dardas (Leon R.), J.   Submitted January 10, 1961.   (Docket No. 23, Calendar No. 48,784.)   Decided June 28, 1961.

Bill by John P. Nelson, administrator with will annexed and *de bonis non,* of the estate of Bengta Nelson, deceased, against Florence Russ Woodworth, individually and as executrix of the estate of Edith Nelson, deceased, to impress trust on funds carried in joint account by Edith Nelson while fiduciary of Bengta Nelson estate.   Decree for plaintiff.   Defendant appeals.   Affirmed.

*Ira W. Butterfield,* for plaintiff.

*Heilman & Purcell* and *Philip Woodworth,* for defendant.

Smith, J.   The case before us concerns the validity of a constructive trust.   The controversy is a family

one, involving the heirs of Bengta Nelson. The court files in 3 cases have been stipulated as exhibits.[1] The parties have stipulated, also, the facts from which the current action arises, which stipulation, shortened by deletion of nonessential numbering, follows in its substantial entirety:

"Bengta Nelson died July 25, 1925, leaving a last will and testament which was admitted for probate in Bay county, Michigan, and Edith Nelson was appointed executrix of this estate on August 25, 1925, and continued in this capacity until her death January 14, 1956.

"Edith Nelson, as executrix of estate of Bengta Nelson, filed an accounting on or about February 21, 1934. This account was not noticed for hearing nor allowed. Edith Nelson died January 14, 1956, without making a further accounting and the estate of Bengta Nelson was still open, active, and contained property being administered. The estate of Edith Nelson is being probated in Bay county, Michigan. The Bay county probate court appointed Florence Russ Woodworth executrix of the estate of Edith Nelson and letters testamentary were issued on February 17, 1956.

"On December 11, 1956, Florence Russ Woodworth, as executrix of the estate of Edith Nelson, filed an amended final accounting for Edith Nelson in the estate of Bengta Nelson. This accounting covered the period from February 21, 1934, to January 14, 1956, the date of death of Edith Nelson.

"A result of the opinion and order on said accounting was that Edith Nelson was indebted to the estate of Bengta Nelson in the sum of $3,967.30, which indebtedness arose as more fully set forth in the accounting and court opinions thereon. The order was

[1] Bay county probate file No 9,958, In the Matter of the Estate of Bengta Nelson, Deceased.

Bay county probate file No 20,088, In the Matter of the Estate of Edith Nelson, Deceased.

Bay county circuit court file No 17,049, In the Matter of the Estate of Bengta Nelson, Deceased (appeal from probate).

appealed to the Bay county circuit court by the plain-
tiff in this case. Said circuit court affirmed the order
of the probate court by order of March, 1959. (Bay
circuit court file No 17,049.) ˙ Pursuant to the find-
ing on the accounting, a claim for the said $3,967.30
was filed in the estate of Edith Nelson by the ad-
ministrator d/b/n of the estate of Bengta Nelson,
and the claim was allowed on April 20, 1959.

"The estate of Edith Nelson is insolvent. Except
for said joint account, the subject matter of this
litigation, her financial status at the time of her
death is indicated by the inventory and other papers
on file in her estate.

"On October 2, 1929, Edith Nelson, individually,
opened account No 7,377 in the Mutual Savings &
Loan Association of Bay City, Michigan. This ac-
count continued in her own name until December 12,
1950, when she made it joint as account No 06,266
with her brother, A. G. Nelson, who was the first
executor named in her will. A. G. Nelson made no
deposit or withdrawal nor performed any other act
in relation to this account except to sign the signa-
ture card dated December 12, 1950. Edith Nelson
after December 12, 1950, continued to make both
deposits and withdrawals in this account. A. G.
Nelson died on February 12, 1955.

"By letter of February 17, 1955, Edith Nelson
changed this to a joint account with Florence Russ
Woodworth, the alternate executrix named in her
will, the balance then being $5,448.18. Florence Russ
Woodworth paid nothing for this but signed a signa-
ture card for the joint account on February 17, 1955.
Otherwise, Florence Russ Woodworth made no de-
posit or withdrawal nor performed any other act in
relation to this account during the lifetime of Edith
Nelson. At the death of Edith Nelson on January
14, 1956, there was $5,585.22 in this account.

"From December 1, 1950, until the date of her
death, Edith Nelson did not dispose of by gift or
otherwise any significant properties except for the
aforesaid transfer of the Mutual Savings & Loan

Association account. During such period her personal assets excepting for said joint account remained substantially the same as appears in the inventory filed in the estate of Edith Nelson, deceased.

"Florence Russ Woodworth became executrix of the estate of Edith Nelson, deceased, on February 17, 1956. On said date she withdrew $1,140 from the Mutual Savings & Loan Association joint account and of this sum paid $939.96 to Hyatt's Funeral Home on the same date for the funeral expenses of Edith Nelson and on said date paid $131 to Bay City General Hospital on its claim against Edith Nelson. The remainder of said $1,140, Florence Russ Woodworth retained. On April 17, 1956, Florence Russ Woodworth withdrew the balance of said joint account in the sum of $4,445.22 and has retained the same as her sole, individual property.

"No part of the $3,967.30 for which Edith Nelson was surcharged in the accounting made on her behalf in the estate of Bengta Nelson has been paid to the estate of Bengta Nelson by either Florence Russ Woodworth individually or as executrix of the estate of Edith Nelson or in any other manner."

Upon these facts, as stipulated, the trial chancellor decreed that "a constructive trust be and hereby is imposed on all funds withdrawn by defendant, individually or as said executrix, from Mutual Savings & Loan Association of Bay City to the total sum of $3,967.30, and said Florence Russ Woodworth, individually and as executrix of the estate of Edith Nelson, deceased, be, and she hereby is, ordered to pay said sum forthwith to John P. Nelson as administrator with will annexed of the estate of Bengta Nelson, deceased, in payment of the claim for said sum for which Edith Nelson was surcharged as executrix of the estate of Bengta Nelson, deceased, together with statutory interest accumulated thereon

from the date of allowance of said claim on April 20, 1959."

Much of the argument upon this appeal relates to the refusal of the probate court to remove appellant as executrix over the objection that a conflict of interest existed with respect to the above-mentioned Mutual Savings & Loan Association account, and to the court's subsequent approval of her amended final accounting, in which a balance due the estate of Bengta Nelson was listed in the sum of $3,967.30. This accounting had been objected to upon several grounds, namely, the occupancy, rent free, of the property of the estate of Bengta Nelson by Edith Nelson, the allowance of expenditures for the maintenance of the property, for attorney's fees, and for other items. The probate approval of this account closed with the words: "It is further ordered that Edith L. Nelson is not and was not guilty of any actual or constructive fraud in her administration of the estate of Bengta Nelson." Such statement is urged as conclusive upon the issue before us, namely, the interests of the parties in the proceeds of the mutual savings account. The argument is not well taken. The interests of the contesting parties in the fund in question arising out of the circumstances hereinabove described was neither adjudicated nor found. Indeed, the adjudication of ownership of personal property would not have been within the range of functions of the probate court.[2] What is sought here is the intervention of the chancellor upon grounds allegedly justifying the imposition of a constructive trust. The doctrine of *res judicata* has no application to these facts.

It is argued, also, that the funds in question belonged at all times to Edith Nelson, that, as noted, Edith Nelson was guilty of no fraud in connection

---

[2] See *Laude* v. *Cossins*, 334 Mich 622.

therewith, that Florence Russ Woodworth contributed in no way to the "reasons advanced for the imposition of a constructive trust," and hence that there "is nothing upon which a constructive trust can be based."

The argument misconceives the basis upon which rests the doctrine of the constructive trust. As we recently held with respect to the constructive trust, "Fraud in the inception we do not require, nor deceit, nor chicanery in any of its varied guises, for it is not necessary that property be wrongfully acquired. It is enough that it be unconscionably withheld."[3] The constructive trust is purely a remedial device, "the formula through which the conscience of equity finds expression."[4]

The situation before us was well summarized by the trial chancellor in the following terms:

"Certainly, Edith Nelson did not wish in any way to appropriate moneys or funds from her mother's estate to her own use.

"It would be more conscionable to interpret her actions as an attempt to create an assurance that her mother's wishes would be carried out. It is true that she could have made an accounting long before her death, but the fact remains she did not so do. She knew, or should have known, that there were moneys due and owing by her to her mother's estate and both the probate court and an affirmance by the circuit court shows that to be a fact. It would appear that she placed trust and confidence in her executors to keep her conscience clear, even after death. * * *

"We find that Edith Nelson intended that any just debts she owed her mother's estate be paid and that to allow Florence Russ Woodworth individually, or as executrix of Edith Nelson's estate, to retain

---

3 *Kent* v. *Klein*, 352 Mich 652, 657.

4 Cardozo, J., in *Beatty* v. *Guggenheim Exploration Co.*, 225 NY 380, 386 (122 NE 378).

funds available for that purpose would defeat the very basic precepts of equity. For that reason it is our opinion that a constructive trust be imposed on the funds held by Florence Russ Woodworth for the benefit of the estate of Bengta Nelson, deceased, to the extent of the indebtedness of Edith Nelson to the Bengta Nelson Estate."

Appellant urges, finally, that should the imposition of this constructive trust be affirmed by us we order the funds paid into the estate of Edith Nelson, deceased, rather than directly into the estate of Bengta Nelson, deceased. Appellee resists upon the grounds that such action fails to achieve complete justice, is unnecessary, and will unjustly promote further litigation. The molding of the relief required by the circumstances of the case is peculiarly within the province of the trial chancellor and we are not persuaded that upon the facts before us his decree was in error.

We find no error in the case. Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.