VIGIL *v.* BADGER MUTUAL INSURANCE COMPANY.

1. INSURANCE—FIRE—DOG KENNELS—COVERAGE.

Fire insurance policy insuring plaintiff against loss on specified (1) dwelling, (2) contents, (3) dog kennel, (4) contents of dog kennel, (5) dog kennel #2, and (6) contents of dog kennel #2, was not restricted as to last 2 items by rider limiting liability only to "household and personal property usual or incidental to the occupancy of the premises as a dwelling" and to such household and personal property contained in "appurtenant private structures," a standard form attached to the policy, there having been express coverage, for specified additional policy benefits, of the 2 dog kennels and contents.

2. SAME—AMBIGUITY—CONSTRUCTION OF POLICY.

Language of an insurance policy that is unambiguous does not depend upon extrinsic evidence of contractual intent for interpretation.

3. SAME—AMBIGUITY.

The rights of the parties to a contract of insurance rest on the contract as written, in the absence of ambiguity.

4. SAME—CONSTRUCTION OF POLICY.

The Supreme Court does not rewrite a contract of insurance under the guise of interpretation.

5. SAME—AMBIGUITY—PAROL TESTIMONY—QUESTION FOR TRIAL COURT.

If contract of insurance was ambiguous in the matter of coverage of dog kennels and contents thereof, the use of undisputed and unambiguous parol testimony presented a question of interpretation for the trial court.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur, Insurance § 256.
[2] 29A Am Jur, Insurance § 1912.
[3, 4] 29 Am Jur, Insurance § 246.
[5] 29A Am Jur, Insurance § 1946.
[6] 29 Am Jur, Insurance § 293.

**6. SAME—DOG KENNEL—COVERAGE.**

Action for loss of dog kennels and contents was properly dismissed as to former insurer, where its policy specifically excluded "liability arising out of the operation of the dog kennel."

Appeal from Kent; Searl (Fred N.), J. Submitted January 11, 1961. (Docket No. 64, Calendar No. 48,258.) Decided June 29, 1961.

Action by Bertha Vigil against Badger Mutual Insurance Company on insurance policy to reimburse for loss by fire and smoke in dog kennel. General Insurance Company of America added as party defendant and case dismissed as to it prior to completion of plaintiff's proofs. Verdict and judgment for plaintiff. Defendant Badger Mutual Insurance Company appeals. Affirmed.

*Vander Veen, Freihofer, Cook & Bryant,* for plaintiff.

*Luyendyk, Hainer, Hillman, Karr & Dutcher,* for defendant Badger Mutual Insurance Company.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Richard D. Ward,* of counsel), for defendant General Insurance Company of America.

SOURIS, J. Defendant Badger Mutual Insurance Company brings this appeal from a $1,740 judgment entered against it after jury verdict on a fire and extended coverage insurance policy issued to plaintiff.

The defense below, repeated on appeal, was that the policy of insurance did not cover plaintiff's loss. The trial judge ruled as a matter of law, and so instructed the jury, that it did. We agree.

Defendant's policy insured plaintiff against loss on the following 6 items and for the amounts speci-fied:

"1. $4,000 on the frame, composition roof, 1-family dwelling.    *    *    *

"2. $2,500 on the contents in the above dwelling.

"3. $2,000 on the frame, composition roof dog ken-nel.

"4. $2,000 on the contents in the above building.

"5. $2,000 on the frame, composition roof dog ken-nel #2.

"6. $2,000 on the contents in the above building."

Items 5 and 6 are involved in this suit. A stove located in dog kennel #2 did not function properly, resulting in smoke damage to the kennel and death of several dogs kept by plaintiff for breeding and show purposes.

Defendant's contention is that a provision in a rider attached to its policy limited its liability only to "household and personal property usual or in-cidental to the occupancy of the premises as a dwell-ing" and to such household and personal property contained in "appurtenant private structures." The provision referred to appears in the uniform stand-ard dwelling and contents form attached to the policy of insurance. We would agree readily with defend-ant's contention had the policy, as written, covered only the first 2 items listed above, for the uniform standard dwelling and contents form applies only to those items. However, as noted the policy ex-pressly covered, for specified additional policy bene-fits, 2 dog kennels and the contents of each, as to which the language contained in the uniform stand-ard dwelling and contents form clearly is inapplica-ble. The trial judge did not err in ruling as a matter of law that the policy covered plaintiff's kennels and dogs, leaving for jury determination only the cause of the loss and the amount of damage.

The interpretation placed upon the policy by Judge Searl, the trial judge, does not depend upon the extrinsic evidence of contractual intent received at the trial, for the policy language is not so ambiguous that it requires such parol evidence for understanding. In the absence of ambiguity, the rights of the parties rest on the contract as written. *Cottrill* v. *Michigan Hospital Service*, 359 Mich 472. We do not rewrite the agreement of the parties under the guise of interpretation. *Patek* v. *Aetna Life Insurance Co.*, 362 Mich 292. It may also be observed in passing that all of the parol evidence taken at the trial supported, or tended to support, Judge Searl's interpretation of the policy. The fact of the matter was that defendant's agent, in writing the policy, told plaintiff that her dogs would be covered by its provisions and he so admitted at the trial. Therefore, even if the language of the policy is considered ambiguous, the parol evidence taken was undisputed and unambiguous, and interpretation or construction of the written contract under such circumstances was a question for the court. 65 ALR 648, 652.

Only one other matter need be considered. Plaintiff joined as a party defendant General Insurance Company of America. That defendant had previously issued a fire and extended coverage policy insuring plaintiff's dwelling and contents, but during the course of trial, during plaintiff's proofs and after ascertaining that plaintiff had no further evidence to introduce relating to General's liability, Judge Searl dismissed the suit as against General on the ground that there had been a cancellation of its policy effective prior to the date of loss. Without determining the correctness of Judge Searl's finding of prior cancellation, we affirm General's dismissal, noting as we do that an indorsement added to its policy 1 month after it was issued expressly

excluded "liability arising out of the operation of the dog kennel."

In the light of the foregoing, other questions presented on appeal are unnecessary for decision herein. Affirmed.   Costs to appellees.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, and Kavanagh, JJ., concurred.