HILLIKER v DOWELL

1. COURTS—JURISDICTION—TITLE—PERSONAL PROPERTY—PROCEEDS OF INSURANCE POLICY.

A dispute over the proceeds of a life insurance policy was properly before the circuit court because the question is one of resolving title to personal property; the probate court has no jurisdiction to determine questions of title.

2. INSURANCE—LIFE INSURANCE—DIVORCE—CONTINGENT BENEFICIARIES.

The proceeds of a life insurance policy were properly awarded to contingent beneficiaries, where the primary beneficiary, the decedent's former wife, was not entitled to the proceeds by reason of her divorce from the decedent and operation of statute, and where no provision of the policy required a different result (MCLA 552.101).

3. EVIDENCE—DEAD MAN'S STATUTE—CORROBORATING EVIDENCE.

The testimony of a plaintiff and her brother to establish that they were the "children" referred to as the contingent beneficiaries of an insurance policy was not barred by the dead man's statute where they also offered photographs as demonstrative evidence of the relationship; such photographs were sufficient to satisfy the statutory requirement of corroborating evidence (MCLA 600.2166).

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 May 15, 1974, at Lansing. (Docket No. 18697.) Decided June 27, 1974.

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 27, 32.

[2] 44 Am Jur 2d, Insurance § 1740.
Divorce of insured and beneficiary as affecting the latter's right in life insurance. 175 ALR 1220.

[3] 58 Am Jur, Witnesses §§ 222, 337.

Complaint by Yvette M. Hilliker against Alice E. Dowell, personally and as administratrix of the estate of Nolan W. Dowell, for proceeds of a policy of life insurance. Judgment for plaintiff. Defendant appeals. Affirmed.

*James Paterson,* for plaintiff.

*Donald Wm. Sargent,* for defendant.

Before: DANHOF, P. J., and T. M. BURNS and CARLAND,* JJ.

CARLAND, J. From a judgment in favor of plaintiff entered February 28, 1973, the defendant appeals. The judgment awarded the proceeds of an insurance policy to plaintiff and her brother. The facts are not in dispute.

Charlie Mae Dowell, by a former marriage, is the mother of plaintiff Yvette Marie Hilliker and her brother Harry August Perrette. Charlie Mae married the decedent Nolan Walter Dowell sometime prior to the execution of the instrument here involved. For some 17 years following their mother's marriage, these two children, although never adopted by the deceased, were brought up in his home and not only treated as his children but during this time the decedent held himself out to be their father. Nolan Walter Dowell had no children of his own.

On December 22, 1958, the marriage of Charlie Mae and Nolan Walter Dowell was terminated by a judgment of divorce. Charlie Mae still survives. The defendant, mother of the decedent, was appointed administratrix of the estate and received the proceeds of the policy in dispute. Plaintiff

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

seeks to be determined to be the beneficiary entitled to the proceeds of the policy and defendant maintains that the estate is entitled thereto.

At issue is the legal effect of an instrument executed by the decedent on October 5, 1953 in which he named "Charlie Mae Dowell, wife" as primary beneficiary, and "children" without further description as contingent beneficiaries under the policy in the event of the death of the primary beneficiary. Following the divorce, the decedent failed to name a "primary beneficiary" to replace his divorced wife.

It is conceded both by reason of the judgment of divorce and the provisions of MCLA 552.101; MSA 25.131, that the divorced wife is not entitled to the proceeds of the policy despite the fact that she was named as primary beneficiary therein, *Starbuck v City Bank and Trust Co,* 384 Mich 295; 181 NW2d 904 (1970).

On appeal the appellant first challenges the subject matter jurisdiction of the circuit court, it being contended that the subject matter of this dispute lies solely within the jurisdiction of the probate court. MCLA 701.19; MSA 27.3178(19), provides in pertinent part as follows:

"Each judge of probate shall have jurisdiction:

"1. Of all matters relating to the settlement of the estates of all deceased persons, whether testate or intestate * * * .

"2. Of all trusts and trustees in the execution of wills and administration of estates of deceased persons * * * .

"The jurisdiction conferred by this section shall not be construed to deprive the circuit court in chancery in the proper county of concurrent jurisdiction as originally exercised over the same matter * * * ."

The claim that the instrument in question is

testamentary in character is without merit. It fails entirely to conform to the statute of wills. We hold that the dispute in question is one of resolving title to personal property. That being so, the probate court is without jurisdiction to determine questions of title. *Ashbaugh v Sinclair,* 300 Mich 673; 2 NW2d 810 (1942); *Laude v Cossins,* 334 Mich 622; 55 NW2d 123 (1952); *Nelson v Woodworth,* 363 Mich 244; 109 NW2d 861 (1961). We further hold the remedy available in the probate court under the circumstances here involved to be inadequate. The issuance of the injunction was necessary in order to preserve the property pending the disposition of the issues raised herein. The circuit court had jurisdiction and the case was tried in the proper forum.

It is further claimed that the trial court erred in awarding the proceeds of the policy to the plaintiff and her brother as the "contingent beneficiaries" named in the instrument in question. On the authority of *Starbuck v City Bank and Trust Co, supra,* we hold that since no provision of the policy requires a different result, upon the disqualification of the "primary beneficiary", the "contingent beneficiaries" are entitled to the proceeds of the policy.

Hence there arises the question of determining whether the plaintiff and her brother are the "children" named as contingent beneficiaries. We adopt the findings of fact of the trial judge and conclude that they are.

The final question to be decided is whether the foregoing findings of fact are based upon competent evidence. The evidence introduced to establish the relationship between the deceased and the children of his former wife is the testimony of plaintiff and her brother, plus certain photographs

offered as demonstrative evidence. The testimony of plaintiff and her brother was received over the objection of the defendant under the claim that the dead man's statute, MCLA 600.2166; MSA 27A.2166, barred their testimony as being equally within the knowledge of the deceased. The material portion of this statute provides as follows:

"(1) In any action by or against a person incapable of testifying, a party's own testimony shall not be admissible as to any matter which, if true, must have been equally within the knowledge of the person incapable of testifying, *unless some material portion of his testimony is supported by some other material evidence tending to corroborate his claim.*" (Emphasis supplied.)

Based on the decision in *Braidwood v Harmon,* 31 Mich App 49; 187 NW2d 559 (1971), the trial judge found and we agree that "the pictures introduced as demonstrative evidence at trial are deemed sufficient to satisfy the requirement of corroborating evidence" and that therefore plaintiff and her brother were competent witnesses.

We affirm.

All concurred.