*In re* SEITZ ESTATE

SEITZ v SEITZ

Docket No. 78325. Submitted December 12, 1984, at Lansing.—Decided April 15, 1985. Leave to appeal applied for.

Leroy J. Seitz filled out a card naming his wife, Loretta Seitz, as primary beneficiary to a life insurance policy on himself. Aaron Seitz, Leroy's son, was named as contingent beneficiary to take in the event the primary beneficiary predeceased the insured. Shortly thereafter a daughter, Erica, was born. A few years later, Leroy and Loretta were divorced. The divorce terminated all of Loretta's interest in the life insurance policies, but the divorce judgment provided that Leroy must designate his two children as beneficiaries of $20,000 each in insurance coverage on his life until they reach 18 years of age. Despite the changes wrought by the divorce judgment, Leroy failed to replace Loretta as the primary beneficiary or make any changes on the designation of beneficiary card. Leroy subsequently remarried and was accidentally killed two months before the birth of his third child, Lisa Seitz. His wife, Linda M. Seitz, individually and as a personal representative of the estate of Leroy J. Seitz, deceased, filed a petition in Saginaw Probate Court seeking to have all but $41,865 of the insurance proceeds paid to the estate. The $41,865 amount was to be paid to Aaron and Erica Seitz pursuant to the terms of the divorce judgment. Petitioner claimed that the remaining $75,010.38 should go to the estate since Loretta Seitz was disqualified as primary beneficiary by the divorce and Aaron, as contingent beneficiary, was not entitled to the money since Loretta, the primary beneficiary, had not predeceased Leroy. Loretta Seitz, individually and as guardian for Aaron Seitz and Erica Seitz, and George Bush, as guardian ad litem for Lisa Seitz, responded. Loretta Seitz, as guardian for Aaron, claimed Aaron was entitled to the remain-

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts §§ 242, 244.

[2] 44 Am Jur 2d, Insurance § 1714.

Divorce decree purporting to award life insurance to husband as terminating wife-beneficiary's rights notwithstanding failure to formally change beneficiary. 70 ALR3d 348.

der of the proceeds by reason of his being designated the contingent beneficiary. As guardian for Erica, Loretta claims Erica is entitled to a share of the remaining proceeds by virtue of being an heir to the estate. George Bush, as guardian ad litem for Lisa Seitz, claims Lisa is also entitled to a portion of the remaining proceeds by virtue of being an heir to the estate. The court, Edmund M. Troester, J., ruled that Aaron was entitled to the remaining proceeds by virtue of being named the contingent beneficiary. Linda Seitz appeals. *Held:*

Although the designation of beneficiary card provided that the contingent beneficiary would be entitled to take only if the primary beneficiary were to predecease the insured, and despite the fact that Loretta, the designated primary beneficiary, did not predecease Leroy, the divorce severed any interest Loretta had in the insurance policies just as if she had predeceased Leroy. Under the circumstances of this case, it is proper to hold that Aaron, as contingent beneficiary, is entitled to the remaining proceeds.

Affirmed.

1. CONTRACTS — AMBIGUITY — JUDICIAL CONSTRUCTION.

A court cannot remake a contract through construction or by addition of words to find a meaning not intended; where ambiguity exists, however, it is the duty of the court to determine, if possible, the true intent of the parties by construction of the instrument.

2. INSURANCE — LIFE INSURANCE — DIVORCE — CONTINGENT BENEFI-
CIARIES.

The proceeds of a life insurance policy were properly awarded to the contingent beneficiary where the primary beneficiary, the decedent's former wife, was not entitled to the proceeds by reason of her divorce from the decedent and operation of statute although, under the terms of a designation of beneficiary form, the contingent beneficiary was to take only if the primary beneficiary predeceased the insured; the requirement that the primary beneficiary predecease the insured in order for the contingent beneficiary to take should be construed as illustrative of a form of disqualification rather than being dispositive or preconditional.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Thomas R. Luplow* and *Scott C. Strattard*), for petitioner.

*Joseph, Wolf & Endean, P.C.* (by *Lorraine S. Paskiewicz),* for Loretta Seitz.

Before: BEASLEY, P.J., and R. B. BURNS and S. C. GARDNER,* JJ.

S. C. GARDNER, J. This action stems from a probate proceeding which sought to determine whether the proceeds of a life insurance policy should become a part of the estate of the deceased, Leroy Seitz, or whether the proceeds should pass directly to his son, Aaron Seitz, the contingent beneficiary under the policy.

The probate court ruled that the decedent's contingent beneficiary, Aaron Seitz, was entitled to the residual insurance proceeds. The petitioner appeals, claiming that the decision is contrary to general principles of contract law.

The parties have stipulated to the facts relevant to the instant appeal. Prior to January 2, 1974, Leroy Seitz was married to the respondent, Loretta Seitz. His only living child at that time was Aaron Seitz. On January 2, 1974, the decedent, who was employed by the Michigan Bell Telephone Company, filled out a card naming a primary and a contingent beneficiary to the life insurance policy he received through Michigan Bell. His wife, Loretta Seitz, was designated as the primary beneficiary and his son, Aaron Seitz, as the contingent beneficiary. Above the space in which the contingent beneficiary was named, the designation of beneficiary card stated that "[i]n the event said [primary] beneficiary predeceases me I hereby designate as contingent beneficiary * * *". On January 13, 1974, his daughter, Erica L. Seitz, was born. .

Leroy and Loretta Seitz were divorced on Sep-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment. .

tember 14, 1982. In accordance with MCL 552.101; MSA 25.131 the divorce judgment determined any interest that Loretta Seitz had in the decedent's life insurance policies. The judgment of divorce stated that the decedent had an absolute interest over his life insurance policies providing that "he shall designate his two children as beneficiaries of the total sum of $40,000.00 in insurance coverage over his life" until they reach the age of 18. Following his divorce, the decedent failed to replace his divorced wife as the "primary beneficiary" or make any changes on the designation of beneficiary card.

Subsequently, the decedent married Linda Seitz. On June 11, 1983, while Linda was seven months pregnant, the decedent was killed. Lisa Seitz, his third child, was born approximately two months after the decedent's death.

The parties concede that the divorce decree terminated any interest that Loretta Seitz had as the primary beneficiary. The parties further agree that respondent, Loretta Seitz, will be paid $41,865 (representing the $40,000 plus interest) as guardian for Aaron and Erica Seitz. This action concerns the distribution of the remaining insurance proceeds, totaling $75,010.38. The funds are being held in trust pending the outcome of the instant case.

The issue before this Court is whether life insurance proceeds should be paid to the contingent beneficiary when the primary beneficiary was disqualified by a divorce judgment. The issue is complicated by the language on the designation of beneficiary card which states that "[i]n the event said [primary] beneficiary predeceases me, I hereby designate as contingent beneficiary * * *".

The seminal case in this area is *Starbuck v City Bank & Trust Co,* 384 Mich 295; 181 NW2d 904

(1970). The facts in *Starbuck* are similar to those in the case at bar. John Starbuck had designated his wife as the primary beneficiary and his mother as the contingent beneficiary. Shortly before Starbuck's death he and his wife were divorced. As in the instant case, the decedent failed to name another primary beneficiary. The *Starbuck* Court held that "a contingent beneficiary will be qualified to receive the proceeds of an insurance policy upon the disqualification of the primary beneficiary unless a provision of the insurance contract requires a different result". *Starbuck, supra,* p 301.

The petitioner asserts that in the instant case the insurance contract does require a different result because the designation of beneficiary card states that the contingent beneficiary would take if the primary beneficiary were to predecease the insured. Therefore, petitioner argues, since this contingency did not occur, the proceeds should be paid to the estate pursuant to MCL 552.101; MSA 25.131.

The petitioner's argument is contrary to this Court's holding in *Hilliker v Dowell,* 54 Mich App 249; 220 NW2d 712 (1974). In *Hilliker,* notwithstanding the fact that the policy provided that the contingent beneficiary took "in the event of the death of the primary beneficiary", the court awarded the proceeds to the contingent beneficiaries, 54 Mich App 251. As in the instant case, the primary beneficiary did not die; her interest was terminated by a divorce.

Even though the *Hilliker* Court did not specifically address the issue before the Court today, the trial court's application of *Hilliker, supra,* was proper. The trial court recognized that the problem could not be resolved by, as the petitioner claims, merely looking at the plain language on the designation of beneficiary card. Under the

circumstances in this case there are two clauses on the beneficiary card which are inherently contradictory. One sentence on the card states that "[t]his beneficiary designation applies to the group insurance program as presently constituted, or hereafter amended, for which I am or become eligible and shall continue to apply *until revoked by me in writing*". (Emphasis added.) Another sentence states "[i]n the event said [primary] beneficiary predeceases me I hereby designate as my contingent beneficiary * * *". In the instant case we are faced with a contingency which was not anticipated when the card was printed. The primary beneficiary did not predecease the decedent, nor did the decedent revoke the designation prior to his death. The primary beneficiary was disqualified by virtue of the divorce judgment pursuant to MCL 552.101; MSA 25.131.

It is a well-settled rule of law that a court cannot remake a contract through construction or by addition of words to find a meaning not intended. "Where ambiguity exists, however, it is the duty of the court to determine, if possible, the true intent of the parties by construction of the instrument." *Fox v Detroit Trust Co,* 285 Mich 669, 677; 281 NW 399 (1938); *Klever v Klever,* 333 Mich 179, 187; 52 NW2d 653 (1952).

In the instant case the issue cannot be resolved without trying to determine the decedent's intent when he signed the designation of beneficiary card. He named his wife as the primary beneficiary and his son as the contingent beneficiary. As the *Starbuck* Court recognized:

"The naming of a contingent beneficiary at whatever time is therefore sufficient to show positive indication by the husband of an intent to have such a beneficiary alternatively take upon the disqualification of his wife,

regardless of why she was unable to take. There is, in most instances, nothing about a judgment of divorce which would suggest that the divorce would alter a husband's thinking relative to a contingent beneficiary receiving the proceeds of an insurance policy on his life." (Emphasis omitted.) *Starbuck, supra,* 384 Mich 300.

Had the decedent changed his mind relative to the contingent beneficiary, he had ample time to change the designation prior to his death. It would be absurd to argue that the decedent at the time that he named his son contingent beneficiary only wanted him to take if his wife predeceased him. It is obvious that termination of the wife's interest vis-à-vis a statute and the divorce decree was never contemplated by the insurance company when it provided the printed form to decedent.

Adoption of petitioner's view would lead to arbitrary and irrational results. For example, under the facts of this case, if we add the additional fact of Loretta Seitz's dying after the divorce but before the decedent, then under petitioner's argument the contingent beneficiary could take because the specific condition, that of the primary beneficiary's predeceasing the decedent, would have been satisfied. In practical terms, however, it was the divorce, and not Loretta Seitz's death, that would have disqualified her as the primary beneficiary. Therefore, it is much more reasonable to analyze the issue in terms of the disqualification of the primary beneficiary. Unless there is clear evidence that the insured intended otherwise, such words as "in the event the [primary] beneficiary predeceases me" should be construed as being illustrative of a form of disqualification rather then being dispositive or preconditional.

Affirmed.