In re SEITZ ESTATE

SEITZ v METROPOLITAN LIFE INSURANCE COMPANY

Docket No. 76456. Argued October 9, 1986 (Calendar No. 18). Decided December 8, 1986.

Linda Seitz, widow of Leroy J. Seitz, for herself and as personal representative of the estate of Leroy J. Seitz, petitioned the Saginaw County Probate Court, claiming a share of proceeds of a policy of insurance issued by the Metropolitan Life Insurance Company to Leroy Seitz which named Loretta Seitz, the former wife of the decedent, as primary beneficiary, and Aaron Seitz, their son, as contingent beneficiary in the event the primary beneficiary predeceased the decedent. Loretta Seitz previously had filed a claim for the full amount of the proceeds. By statute, the judgment of divorce terminated all rights she may have had in the proceeds. Prior to trial, the parties stipulated, pursuant to the judgment of divorce, to payment by Metropolitan of a portion of the proceeds to Loretta Seitz as guardian of the estates of the decedent's children by his first marriage and to payment of the remainder to the parties' attorneys, pending the outcome of the litigation. The court, Edmund M. Troester, J., ordered the proceeds paid to Aaron Seitz, the contingent beneficiary. The Court of Appeals, Beasley, P.J., and R. B. Burns and Gardner, JJ., affirmed, finding that the words requiring that the primary beneficiary predecease the contingent beneficiary should be construed as being illustrative of a form of disqualification rather than being dispositive or preconditional (Docket No. 78325). The petitioner appeals.

In an opinion by Chief Justice WILLIAMS, joined by Justices LEVIN, BRICKLEY, CAVANAGH, and ARCHER, the Supreme Court held:

When a beneficiary designation of a life insurance policy

REFERENCES

Am Jur 2d, Insurance §§ 795, 1714.

Property settlement agreement as affecting divorced spouse's right to recover as named beneficiary under former spouse's life insurance policy. 31 ALR4th 59.

Effectiveness of change of named beneficiary of life or accident insurance policy by will. 25 ALR4th 1164.

states that a contingent beneficiary takes in the event the primary beneficiary predeceases the insured, and the primary beneficiary has not predeceased the insured but is disqualified by divorce, the contingent beneficiary is not qualified to receive the proceeds of the policy.

1. In this case, two provisions govern the eventual distribution of the life insurance proceeds: The first, contained in the life insurance contract, provided that if at the death of the insured there was no designated beneficiary, the proceeds would be payable to the estate of the insured; and the second, contained in the applicable divorce statute, provided that if the decree of divorce did not determine the rights of the wife in the policy, the proceeds were payable to the estate. The judgment of divorce did not determine Loretta Seitz' rights in the policy.

2. Absent ambiguity, the rights of parties rest on a contract as written. In this case, the beneficiary designation card unambiguously provides that if the primary beneficiary predeceased the insured, the contingent beneficiary would take. Because the primary beneficiary did not predecease the insured, the contingent beneficiary is not qualified to receive the proceeds. Under the terms of the contract, the estate of the insured is the next beneficiary of the proceeds.

Reversed.

Justice RILEY, joined by Justice BOYLE, dissenting, stated that the decision of the majority is substantially inconsistent with the Court's decision in *Holley v Schneider,* 422 Mich 248 (1985). While this case is distinguishable to the extent that the beneficiary card differs in form, the distinction does not adequately support the inconsistency in result. The judicial policy favoring consistency and predictability and the Court's reasoning in *Holley* and *Starbuck v City Bank & Trust Co,* 384 Mich 295 (1970), militate against it.

142 Mich App 39; 369 NW2d 258 (1985) reversed.

OPINION OF THE COURT

INSURANCE — LIFE INSURANCE — DISQUALIFICATION BY DIVORCE — CONTINGENT BENEFICIARY.

When a beneficiary designation of a life insurance policy states that a contingent beneficiary takes in the event the primary beneficiary predeceases the insured, and the primary beneficiary has not predeceased the insured but is disqualified by divorce, the contingent beneficiary is not qualified to receive the proceeds of the policy (1982 PA 184, MCL 552.101[2]; MSA 25.131[2]).

*Braun, Kendrick, Finkbeiner, Schafer & Murphy*
(by *Thomas R. Luplow* and *Scott C. Strattard*) for
the petitioner.

*Joseph, Wolf & Endean, P.C.* (by *Lorraine S.
Paskiewicz*), for the respondents.

WILLIAMS, C.J. This case arises from a dispute
between an insured's first wife and second wife
over the proceeds of a life insurance policy. The
insured's first wife and son were named primary
and contingent beneficiaries, respectively, and the
insured never changed these beneficiary designa-
tions after his divorce and second marriage.

The specific issue we address is whether the
proceeds of a life insurance policy should be paid
to the contingent beneficiary or to the estate of the
insured when the policy designates the contingent
beneficiary as taking in the event the primary
beneficiary predeceases the insured, and this pre-
condition has not occurred. We hold that a contin-
gent beneficiary is not qualified to receive the
proceeds of a life insurance policy when the pri-
mary beneficiary has been disqualified by divorce
if the beneficiary designation explicitly states, "In
the event said [primary] beneficiary predeceases
me, I hereby designate as contingent beneficiary"
on the line preceding the naming of the contingent
beneficiary, and the primary beneficiary has not
predeceased the insured.

### I. FACTS

On January 2, 1974, Leroy J. Seitz enrolled in a
group life insurance plan with Metropolitan Life
Insurance Company offered through his employer,
Michigan Bell Telephone Company. On the benefi-
ciary designation form, Seitz named his then-wife,

Loretta Seitz, as primary beneficiary. Below the line naming the primary beneficiary, the beneficiary designation card read, "In the event said beneficiary predeceases me, I hereby designate as contingent beneficiary _____." In the space provided, Seitz filled in the name of his only child at the time, Aaron A. Seitz, as contingent beneficiary. Less than two weeks later, on January 13, 1974, Loretta gave birth to their second child, Erica.

Leroy and Loretta Seitz were divorced on September 14, 1981. By statute, the divorce judgment terminated all rights Loretta may have had in the proceeds of any life insurance policy on Leroy in which she was a named beneficiary. See MCL 552.101; MSA 25.131. Further, the divorce judgment ordered that Leroy Seitz "shall designate his two children as beneficiaries of the total sum of $40,000.00 dollars in insurance coverage on his life . . . [to] continue until the children have reached the age of 18 . . . ."

Subsequently, Leroy married his second wife, Linda Seitz. Leroy was killed in a farm accident on June 11, 1983, when Linda was seven months pregnant with Leroy's third child, Lisa. At no time after Leroy's initial enrollment and before his death were the beneficiary designations on Leroy's group life insurance policy with Metropolitan Life changed.

On June 27, 1983, Loretta Seitz filed a claim with Metropolitan Life for the full amount of the life insurance policy. The policy paid a basic amount of $37,000, a supplemental amount of $37,000, and an accidental death benefit of $37,000 for a total of $111,000 plus accrued interest from the date of death to the date of payment.

On August 4, 1983, the Saginaw County Probate Court entered an order naming Linda Seitz as personal representative for the estate of Leroy J.

Seitz. On November 14, 1983, Linda Seitz, individually, and on behalf of the estate, filed a petition against the Metropolitan Life Insurance Company in which she claimed $71,000 of the life insurance proceeds, recognizing that the divorce judgment mandated the prior payout of $40,000, plus $1,865 in accrued interest, to Aaron and Erica Seitz. Linda Seitz later amended this petition to include as additional respondents, Loretta Seitz, individually, and as general guardian for the estates of the minor children, Aaron Seitz and Erica Seitz, and George Bush, as guardian ad litem for Lisa Seitz.

In a response filed December 8, 1983, Loretta Seitz claimed that the $71,000 balance was payable to the contingent beneficiary, Aaron Seitz. On December 13, 1983, Lisa Seitz, through her guardian ad litem, filed a response consenting to an order granting the petition.

On January 19, 1984, all parties stipulated to discharge Metropolitan Life Insurance Company from any liability arising from the insurance claim upon its payment of $41,865 to Loretta Seitz as guardian for the estates of Aaron Seitz and Erica Seitz and payment of the remaining $71,000 plus accrued interest jointly to the two attorneys representing the petitioner and the respondents, respectively. These payments were made, and the parties went to trial on the remaining issue. On May 3, 1984, the Saginaw County Probate Judge issued an order directing the release of the remaining $71,000 to the contingent beneficiary, Aaron Seitz. The Court of Appeals affirmed, *In re Seitz Estate,* 142 Mich App 39, 45; 369 NW2d 258 (1985), finding that the words requiring that the primary beneficiary predecease the contingent beneficiary "should be construed as being illustrative of a form of disqualification rather then [sic] being dispositive or preconditional."

We reverse the decision of the Court of Appeals and hold that when a life insurance policy beneficiary designation states that a contingent beneficiary takes in the event the primary beneficiary predeceases the insured, and the primary beneficiary has not predeceased the insured but is disqualified by divorce, the contingent beneficiary is not qualified to receive the proceeds of the insurance policy.

## II. ANALYSIS

As stated previously, only $71,000 of the total of $111,000 is contested in this case. Both parties have stipulated to a prior payout of $40,000 plus interest that Aaron and Erica Seitz are to share equally.[1] Further, both parties concede that the divorce judgment and MCL 552.101; MSA 25.131 operate to disqualify Loretta Seitz from being the primary beneficiary. Thus, Loretta Seitz' only claim against Linda Seitz is as guardian for Aaron Seitz, the contingent beneficiary named in the policy.

Two provisions govern the eventual distribution of the life insurance proceeds in this case. The first is contained in § 13 of the life insurance contract, which states, in pertinent part:

> If any designated Beneficiary shall predecease the Employee or Retired Employee the rights and interest of such Beneficiary shall thereupon automatically terminate. *If, at the death of the Employee or Retired Employee there be no designated Beneficiary as to all or any part of the insurance, then the amount of the insurance payable for which there is no designated Beneficiary shall be*

[1] Recall that in the divorce judgment between Loretta and Leroy Seitz, Leroy was to have designated Aaron and Erica as joint beneficiaries of $40,000 of life insurance.

*payable to the estate of the Employee* or Retired
Employee, provided, however, that the Insurance
Company may, in such case, at its option, pay such
amount to any one of the following surviving
relatives: wife, husband, mother, father, child, or
children, and payment to any one or more of such
surviving relatives shall completely discharge the
Insurance Company's liability with respect to the
amount of insurance so paid. [Emphasis added.]

This provision becomes relevant if both the pri-
mary and contingent beneficiaries are disqualified
and a determination must be made as to who or
what is authorized to receive the policy proceeds.

The second provision is a subsection contained
within the Michigan divorce statutes. The applica-
ble portion provided:

Each decree of divorce shall determine all rights
of the wife in and to the proceeds of any policy or
contract of life insurance, endowment, or annuity
upon the life of the husband in which the wife was
named or designated as beneficiary, or to which
the wife became entitled by assignment or change
of beneficiary during the marriage or in anticipa-
tion of marriage. *If the decree of divorce does not
determine the rights of the wife in and to a policy
of life insurance,* endowment, or annuity, *the pol-
icy shall be payable to the estate of the husband* or
to the named beneficiary if the husband so desig-
nates. [1982 PA 184, MCL 552.101(2); MSA
25.131(2). Emphasis added.]

This subsection applies when the rights of the
insured's wife "in and to a policy of life insurance"
are not determined in the divorce decree. An
examination of the divorce judgment between
Leroy and Loretta Seitz, reveals this to be the
situation in the case at bar.

Before we decide whether these provisions come

into play, however, we must first ask whether the contingency statement on the beneficiary designation card of the insured's life insurance policy is ambiguous when it states, "In the event said beneficiary predeceases me, I' hereby designate _____." The applicable rule is that "[i]n the absence of ambiguity, the rights of the parties rest on the contract as written." *Vigil v Badger Mutual Ins Co,* 363 Mich 380, 383; 109 NW2d 793 (1961). The critical word in this statement is "predecease." No special definition of the term "predecease" appears in the definition section of the life insurance policy so as to render a disqualification by divorce of a primary beneficiary equivalent to predeceasing an insured. As this Court has stated before, "We do not rewrite the agreement of the parties under the guise of interpretation." *Id.* Thus "predecease" must be construed according to its plain and common meaning. If the word "predecease" means to die before, "said beneficiary" refers to the primary beneficiary, and "me" refers to the insured, the phrase "in the event said beneficiary predeceases me, I hereby designate" means only one thing, that the contingent beneficiary takes when the primary beneficiary dies before the insured dies. Therefore, the contingency statement in this case is not susceptible of two different meanings, but is clear and unambiguous and must be followed according to its terms.

Our prior decisions in *Holley v Schneider,* 422 Mich 248; 369 NW2d 857 (1985), and *Starbuck v City Bank & Trust Co,* 384 Mich 295; 181 NW2d 904 (1970), provide guidance, but do not address the specific issue in the instant case, that is, the effect of an explicitly stated precondition in the policy that the primary beneficiary predecease the contingent beneficiary before the contingent bene-

ficiary may take.[2] In both *Holley* and *Starbuck* this precondition was not stated on either beneficiary designation card. See *Starbuck, supra,* p 296, n 1.

In *Starbuck,* the insured named his wife as primary beneficiary and his mother as contingent beneficiary on a life insurance policy. The insured became divorced from his wife several weeks before his death. The dispute over the proceeds was between the insured's estate and his mother. In its opinion, this Court remarked, "It is perhaps pertinent to note at this point that the insurance policy does not enumerate any events upon which the mother would receive the proceeds of the policy aside from her designation as the 'contingent' beneficiary." *Starbuck, supra,* p 298. Thus finding no contingency, the *Starbuck* Court held that "as a matter of contract interpretation a contingent beneficiary will be qualified to receive the proceeds of an insurance policy upon the disqualification of the primary beneficiary *unless a provision of the insurance contract requires a different result." Id.,* p 301 (emphasis added).

This Court reaffirmed the rule of *Starbuck* in *Holley.* The insured in *Holley* had designated his

[2] In a case that did not reach this Court, *Hilliker v Dowell,* 54 Mich App 249; 220 NW2d 712 (1974), the Court of Appeals followed *Starbuck* and held that "since no provision of the policy requires a different result, upon the disqualification of the 'primary beneficiary,' the 'contingent beneficiaries' are entitled to the proceeds of the policy." *Id.,* p 252. The respondent and the Court below incorrectly characterize the *Hilliker* decision as addressing the precise issue in the instant case. *Seitz,* 142 Mich App 43 (finding that "the contingent beneficiary took 'in the event of the death of the primary beneficiary' "), quoting *Hilliker, supra,* p 251. It is not clear from the Court of Appeals opinion in *Hilliker* whether the beneficiary designation card in that case required the primary beneficiary to predecease the insured. The more complete quote from *Hilliker* is as follows: "At issue is the legal effect of an instrument executed by the decedent on October 5, 1953, in which he named 'Charlie Mae Dowell, wife' as primary beneficiary, and 'children' without further description as contingent beneficiaries under the policy in the event of the death of the primary beneficiary." *Hilliker, supra,* p 251.

estranged wife as primary beneficiary and a friend as contingent beneficiary. The insured's divorce was final over a year before his death. The contingent beneficiary claimed the insurance proceeds. We found for the contingent beneficiary and disagreed with the Court of Appeals which had held that "the insurance policy in the instant case contains a provision sufficient to eliminate the contingent beneficiary's interest." *Holley, supra,* p 252. What distinguishes *Holley* from the instant case, however, is that the enrollment card in *Holley* did not include the precondition. Thus, in *Holley,* there was no reason to exclude the contingent beneficiary from receiving the proceeds because no provision of the insurance contract required a different result.

From this analysis, it is apparent that *Holley* and *Starbuck* lacked the critical fact that determines the outcome in the instant case: an explicitly stated precondition on the beneficiary designation card that requires a different result from that of the contingent beneficiary's taking. The precondition stated that the contingent beneficiary will take in the event that the primary beneficiary predeceases the insured. The primary beneficiary has been disqualified by divorce, but has not predeceased the insured. This Court will not expand the plain meaning of a contract or attempt to discern the intent of an insured beyond the stated language of the policy when that language is unambiguous. Therefore, because a provision of the insurance contract requires a different result, the contingent beneficiary is not qualified to receive the proceeds of the insurance policy upon the disqualification of the primary beneficiary.

With the contingent beneficiary disqualified, we must look to the insured's insurance contract and MCL 552.101(2); MSA 25.131(2) for the determina-

tion of who or what will receive the insurance proceeds. The contract and the statute list the insured's estate as the next beneficiary after the disqualification of the named beneficiaries, in the case of the insurance contract, or the nonprovision for the wife in the divorce judgment, in the case of the statute. Thus, upon the disqualification of the primary and contingent beneficiaries, the estate of Leroy Seitz is the beneficiary of the $71,000 balance in insurance proceeds.

### III. CONCLUSION

We hold that a contingent beneficiary is not qualified to receive the proceeds of a life insurance policy when the primary beneficiary has become disqualified by divorce and an explicit precondition in the beneficiary designation requires that the primary beneficiary predecease the contingent beneficiary and this prior death has not occurred.

We reverse the decisions of the Court of Appeals and the trial court and order the balance of Leroy Seitz' life insurance policy, $71,000 plus accrued interest, to be paid to Linda Seitz in her capacity as personal representative of the estate of Leroy Seitz.

LEVIN, BRICKLEY, CAVANAGH, and ARCHER, JJ., concurred with WILLIAMS, C.J.

RILEY, J. (*dissenting*). Because I believe the Court's decision is substantially inconsistent with our decision in *Holley v Schneider,* 422 Mich 248; 369 NW2d 857 (1985), I cannot join in it. While I agree that the present case is distinguishable to the extent that the printed beneficiary card differs in form, I am not persuaded that the distinction relied upon adequately supports the ultimate in-

consistency in result. If anything, the judicial policy favoring consistency and predictability, and our reasoning in both *Holley* and *Starbuck v City Bank & Trust Co,* 384 Mich 295; 181 NW2d 904 (1970), militate against it.

BOYLE, J., concurred with RILEY, J.