GUARANTEE FUND LIFE ASS'N *v.* WILLETT.

INSURANCE — DIVORCED WIFE ENTITLED TO PROCEEDS OF POLICY WHERE NAMED AS BENEFICIARY.

Where a wife, named as beneficiary in her husband's insurance policy, obtained a decree of divorce, which, although it did not contain the provision for her in lieu of dower and in satisfaction of her claims on his property required by section 11436, 3 Comp. Laws 1915, was, by reason of a previous property settlement, as effective as though the statute had been followed, and, at his death, he had not changed the beneficiary or taken any steps to do so, as he had a right to do under the terms of the policy, the beneficiary was not abrogated *ipso facto* by the divorce, and she is entitled to the proceeds of the policy.

Appeal from Tuscola; Smith (Guy E.), J., presiding. Submitted October 12, 1927. (Docket No. 101.) Decided December 1, 1927.

Bill of interpleader by the Guarantee Fund Life Association against Jennie A. Willett and Fabian Willett, administrator of the estate of Sidney J. Willett, deceased, to determine the beneficiary in a policy of insurance. From a decree for defendant Jennie A. Willett, defendant Fabian Willett appeals. Affirmed.

*Kinnane & Leibrand,* for appellant.

*H. H. Smith,* for appellee.

FELLOWS, J. This is a bill of interpleader filed to test the rights of the divorced wife of deceased and the administrator of his estate to the amount due under an insurance policy. The wife, Jennie A. Willett, was named beneficiary in the policy. She obtained a decree of divorce with custody of the minor

Life Insurance, 37 C. J. § 326; 50 L. R. A. 552; 3 L. R. A. (N. S.) 478; 39 L. R. A. (N. S.) 370; L. R. A. 1915D, 130; 14 R. C. L. 1380; 3 R. C. L. Supp. 393.

children and allowance for their support a few weeks before decedent's accidental death.   He did not change the beneficiary although authorized so to do by the terms of the policy, nor did he take any steps in that direction.

Counsel have furnished us citation and discussion of numerous cases from other jurisdictions but the question is not an open one in this State.   It was before us and settled in *Ancient Order of Hibernians* v. *Mahon,* 221 Mich. 213, Mr. Justice WIEST, speaking for the court, there said: .

"Considering this preamble and the by-laws as a part of the contract, we find nothing to prevent Mrs. Mahon from continuing as beneficiary after the divorce. Mr. Mahon was at liberty at any time to change the beneficiary.   The by-laws left the designation of the beneficiary and the right to change the same at will to Mr. Mahon.   He never elected to make any change of beneficiary but rather indicated by his every disclosed act that he did not care to make a change.   In the absence of a controlling statute or by-law or some contract provision on the subject the designation of the wife by name as the beneficiary is not abrogated *ipso facto* by a subsequent decree of absolute divorce granted the wife.   So far as this question is concerned there is no distinction between old line insurance where right to change the beneficiary is reserved and benefit associations where the right to change the beneficiary is a part of the law of the association."

The decree granted Mrs. Willett did not contain the provisions required by section 11436, 3 Comp. Laws 1915.   Pending the case, however, the parties entered into an agreement settling their property matters, the sixth clause of which was substantially in the language of this section.   So far as fixing the rights of the parties is here concerned, it was doubtless as effective as though the provisions of the statute had been followed or the provisions of the contract inserted in the decree.   No more than this can be claimed for the contract.   We have examined the record in the

*Mahon Case* and find that the decree of divorce granted Mrs. Mahon in detail settled the property rights of the parties and· contained the provision required by the statute.    That case cannot be distinguished in any way from the one now before us.

The decree will be affirmed.    Defendant Jennie A. Willett will recover costs of this court from defendant Fabian Willett, administrator.

SHARPE, C. J., and BIRD, FLANNIGAN, WIEST, CLARK, and MCDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.