**NORTHEASTERN LIFE INSURANCE COMPANY OF NEW YORK, a New York Corporation, Plaintiff,**

v.

**Sophia CISNEROS, Defendant-Appellant,**

v.

**Bonnie B. CIORBA (Formerly known as Bonnie Carruthers), Defendant-Appellee.**

**No. 17729.**

United States Court of Appeals Sixth Circuit.

April 9, 1968.

---

1.  Cf. United States ex rel. Sholter v. Claudy, 203 F.2d 805 (3rd Cir. 1953).

Ralph H. Adams, Detroit, Mich., for appellant on brief.

Charles R. King, Detroit, Mich., for appellee on brief.

Before O'SULLIVAN and CELEBREZZE, Circuit Judges, and WEINMAN, District Judge.*

PER CURIAM.

This appeal arises out of an interpleader action filed by the Northeastern Life Insurance Company to have determined the proper beneficiary for two policies insuring the life of Robert Carruthers, appellant's former husband.

The facts are undisputed. Appellant, Sophia Cisneros, the divorced wife of the insured, was originally designated beneficiary under the policies prior to her marriage to the insured. The divorce decree, which terminated the subsequent marriage, made no mention of appellant's rights under the policies. At the time of the insured's death the original designation of the appellant, as beneficiary under the policies, remained unchanged. The appellee, Bonnie Ciorba, the daughter of Robert Carruthers, was designated contingent beneficiary under the policies.

*The Honorable Carl A. Weinman, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

The appellant appeals from an order of the District Court dismissing her claim on the grounds that Section 25.131, Michigan Statutes Annotated, C.L.Mich.1948, § 552.101, prohibits a divorced wife, who was originally made beneficiary, from collecting the proceeds of policies insuring the life of her former husband even though the policies were not taken out during or in anticipation of marriage. The District Court also held that Section 25.131, Michigan Statutes Annotated, bars appellant Sophia Cisneros' claim that she had a vested interest in the policies by reason of a contractual arrangement between herself and the insured.

 The provisions of Section 25.131 declare that the divorce decree "shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance, * * * upon the life of the husband in which she was named or designated as beneficiary, or to which she became entitled by assignment or change of beneficiary during marriage or in anticipation thereof, * * * and unless otherwise ordered in said decree such policy or contract shall thereupon become and be payable to the estate of the husband or to such named beneficiary as he shall affirmatively designate * * *." The statute terminated the rights of the appellant because no provision in the divorce decree preserved her interest in the policies.

The contention of the appellant that the statute only applies to a wife's rights in and to life insurance policies in which she was designated beneficiary during or in anticipation of marriage is not only contrary to a literal reading of the statute but would defeat the purpose of the legislature in enacting the statute.

The provisions of Section 25.131, Michigan Statutes Annotated, with respect to a divorced wife's rights in life insurance, repealed prior Michigan judicial decisions which held that the rights of a wife named beneficiary in a policy insuring the life of the husband were not terminated by the fact that the parties were subsequently divorced. See Guarantee Fund Life Ass'n v. Willett, 241 Mich. 132, 216 N.W. 369 (1927). The statute in question represents legislative action to end the confusion with respect to the rights of a divorced wife in a policy insuring the life of the former husband by requiring divorced couples to clear up questions relating to a wife's interest in life insurance policies by an express provision in the divorce decree. This statutory purpose would most certainly be negated if the appellant, whose divorce decree made no mention of insurance, were permitted to collect the proceeds of the policies insuring her former husband's life.

For the reasons set forth in the opinion of Judge Freeman, reported in 260 F. Supp. 675 (D.C.E.D.Mich.1966) the decision of the District Court is hereby affirmed.