STARBUCK v. CITY BANK AND TRUST CO.

1. INSURANCE—LIFE INSURANCE—BENEFICIARIES—CONTINGENT BEN-
   EFICIARY—PRIMARY BENEFICIARY'S DISQUALIFICATION.

   A life insurance policy designating a contingent beneficiary is
   interpreted as qualifying such beneficiary to receive the
   proceeds of the policy upon the disqualification of the primary
   beneficiary designated therein unless a provision of the in-
   surance contract requires a different result.

2. INSURANCE—LIFE INSURANCE—BENEFICIARIES—DIVORCE—CONTIN-
   GENT BENEFICIARY.

   Naming of a contingent beneficiary in the insurance contract
   satisfied the statutory requirement that a divorced husband
   affirmatively designate another person if he desires the pro-
   ceeds of his life insurance to go to someone other than his
   estate where, at the time of the insured's death, the insurance
   contract designated his divorced wife as the primary bene-·
   ficiary with his mother as the contingent beneficiary and the
   judgment of divorce specifically excluded the divorced wife
   from sharing in the proceeds of the policy (MCLA § 552.101).

Appeal from Court of Appeals, Division 2, Quinn,
P. J., and McGregor and V. J. Brennan, JJ., affirm-
ing Jackson, Charles J. Falahee, J. Submitted Octo-
ber 7, 1970.   (No. 19 October Term 1970, Docket
No. 52,406.)   Decided December 30, 1970.

16 Mich App 152 reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  43 Am Jur 2d, Insurance §§ 693, 1736–1740.
   Divorce of insured and beneficiary as affecting the latter's right
   in life insurance. 52 ALR 386, s. 175 ALR 1220.
   Right of contingent beneficiary to proceeds of life policy upon
   death of direct or primary beneficiary after death of insured.
   172 ALR 642.

Complaint by Mary Jane Starbuck against City Bank and Trust Co., administrator *de bonis non* of the estate of John Ronald Starbuck, III, deceased, for a determination of the rights of the parties under a policy of insurance on the life of John Ronald Starbuck, III. Judgment for defendant. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Reversed and remanded.

*H. A. Kinch,* for plaintiff.

T. G. KAVANAGH, J. This suit was brought by Mary Jane Starbuck to determine her right to the proceeds of an insurance policy on the life of her son, John Starbuck. At the time of her son's death, such insurance contract designated "Peggy L. Starbuck, wife", as the primary beneficiary and his mother as the contingent beneficiary.[1] The current conflicting claims to the proceeds, however, are between the mother of John Starbuck and his estate. The wife is not involved in this dispute because shortly before John Starbuck's death the marriage was terminated by divorce. The judgment of divorce specifically excluded Peggy L. Starbuck from sharing in the proceeds of the policy, pursuant to the directions of MCLA § 552.101 (Stat Ann 1957 Rev § 25.131) which provides in part:

---

[1] The application for insurance (a printed form) read in part:

| Beneficiaries: | State full name | Age | Relationship |
|---|---|---|---|
| Primary | *Peggy L. Starbuck* | *23* | *Wife* |
| Contingent | *Mary Jane Starbuck* | *42* | *Mother* |

The names, ages and relationship of Peggy L. and Mary Jane Starbuck were handwritten. The policy when issued indicated only the beneficiary "Peggy L. Starbuck, Wife" which was typed on the printed form. No contingent beneficiary was named in the policy, nor was space provided for such designation on the form.

The application and policy as required by MCLA § 500.4014 (Stat Ann 1957 Rev § 24.14014) provided that the policy together with the application constituted the entire contract between the parties. Cf. *Martin* v. *Ohio Casualty Ins. Co.* (1968), 9 Mich App 598.

"Hereafter every decree of divorce shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance, endowment or annuity upon the life of the husband in which she was named or designated as beneficiary, or to which she became entitled by assignment or change of beneficiary during the marriage or in anticipation thereof, whether such contract or policy was heretofore or shall hereafter be written or become effective, and unless otherwise ordered in said decree such policy or contract shall thereupon become and be payable to the estate of the husband or to such named beneficiary as he shall affirmatively designate."

Complying with this requirement the judgment of divorce provided:

"It is further ordered and adjudged, that all rights of the plaintiff [wife] in and to the proceeds of any policy or contract of life insurance, endowment, or annuity upon the life of the defendant [husband] in which she was named or designated as beneficiary, or to which she became entitled by assignment or change of beneficiary during the marriage or in anticipation thereof, whether such contract or policy was heretofore or shall hereafter be written or become effective, shall hereupon become and be payable to the estate of the defendant [husband], or such named beneficiary as he shall affirmatively designate."

The problem presently litigated arose when, subsequent to the divorce, the now deceased husband failed to name a "primary beneficiary" to replace his divorced wife.  Absent a subsequent designation of a new primary beneficiary, the estate of John Starbuck claimed that the cited statute and the judgment of divorce required the proceeds to be paid into the estate.

The mother, however, contested the estate's claim. She argued that the statute required only the nam-

ing of an alternative taker and that her son's desig-
nation of her as a "contingent beneficiary" satisfied
the requirements of the statute and entitled her to
take the proceeds of the insurance policy.

The insurance company, faced with the dual
claims, deposited the money with the clerk of the
trial court—willing to pay either, but not both.

After quoting the statute and the virtually iden-
tical language in the judgment of divorce (above
quoted), the trial court found:

" * * * that in order for the contingent beneficiary
to take, some positive action would have had to be
taken after the divorce to name her as beneficiary.
The words 'shall' and 'affirmatively' as defined above
would indicate *future positive action*. The insured's
naming her as contingent beneficiary previously
couldn't be considered to be a future positive action.

"It is my opinion, therefore, that because the pri-
mary beneficiary was living and couldn't take by op-
eration of law, then this court, by interpreting the
same law, should determine who is entitled to the
proceeds. The law states that the estate should un-
less there is another beneficiary named by the in-
sured by taking positive future action to do so. This
he did not do. Therefore, it is my determination that
the proceeds should be payable to the estate." (Em-
phasis in original.)

On appeal to the Court of Appeals, the trial court's
decision was affirmed.

It is perhaps pertinent to note at this point that the
insurance policy does not enumerate any events upon
which the mother would receive the proceeds of the
policy aside from her designation as the "contin-
gent" beneficiary.

We are, thus, confronted with a need for a deter-
mination of both the statutory and contractual rights
of the mother in the instant insurance proceeds.
Does the disqualification of the wife to take, due to

her divorce, allow the "contingent" beneficiary to take under the contract? And, secondly, does the quoted statute require the husband to affirmatively designate a new beneficiary subsequent to the divorce in order to preclude payment of the proceeds into his estate?

Prior to the addition in 1939 of the above-quoted portion of the statute to MCLA § 552.101, the wife was entitled to the proceeds of the policy when she remained the designated primary beneficiary *after a divorce. Ancient Order of Hibernians* v. *Mahon* (1922), 221 Mich 213, and *Guarantee Fund Life Association* v. *Willett* (1927), 241 Mich 132. The effect of the amendment, as stated in the title to the statute, in the judgment of divorce, and, in the statute itself, was to affect the interest of the *wife* in the insurance policy and thus cure the situation where a divorced wife could *inadvertently receive* the proceeds of a perhaps forgotten policy. "Inadvertently receive" should be stressed for the statute does not prohibit the husband or the divorce judgment itself from retaining or renaming the wife as the primary beneficiary. It simply requires affirmative action on the part of the court or husband to retain the divorced wife as the primary beneficiary and thus eliminate what could be, and usually appears to be, the inadvertent payment of the life insurance proceeds to a divorced wife.

The question now arises both under the contract and the statute: "Is the meaning of a 'contingent beneficiary' in the life insurance policy under the circumstances of this case sufficient to entitle such a contingent beneficiary to take?"

It would appear that the statute would have no interest in eliminating the taking by such a third party. The statute is concerned, as its title suggests, with the parties to the divorce and with the elimination

of an inadvertent transfer of life insurance proceeds to a divorced wife. The naming of a contingent beneficiary at whatever time is therefore sufficient to show positive indication by the husband of an intent to have such a beneficiary alternatively take upon the disqualification of his wife, regardless of why she was unable to take. There is, in most instances, nothing about a judgment of divorce which would suggest that the divorce would alter a husband's thinking relative to a *contingent* beneficiary receiving the proceeds of an insurance policy on his life.

The statute, then, would appear interested in *whether* a husband affirmatively indicated an alternative taker, *not* with *when* such an indication is made.

This brings us finally to the terms of the policy itself. As stated above, the designation "contingent beneficiary" appears with no further indication of its meaning. Its normal meaning would be that of an "alternative" taker of the proceeds if the primary beneficiary cannot take. Perhaps the most common reason anticipated for such primary beneficiary's inability to take would be the death of the primary beneficiary.

But obviously this "usual reason" is not the exclusive reason.[2] Couch on Insurance (2d ed) dis-

---

[2] See, for example, *Ohio State Life Insurance Co. v. Barron* (1935), 274 Mich 22, and cases cited at p 24 where it was held that a beneficiary cannot collect on a policy of insurance on the life of a person he has murdered. See also, *Williams v. Williams* (Tex Civ App, 1953), 262 SW2d 111, which held as a matter of contract interpretation that where a life insurance policy was payable to A, "wife of the insured, if she be living, otherwise to" B, "son of the insured and if neither be living, then to the insured's executors, administrators or assigns", and the insured divorced A and married another, the son B was entitled to the proceeds as against the insured's estate, notwithstanding that A, the principal beneficiary, was still alive, such being the intention of the insured as disclosed by the contract. See also, *Baekgaard v. Carreiro* (CA 9, 1956), 237 F2d 459, *cert. den.* 352 US 1004 (77 S Ct 564, 1 L Ed 2d 549).

cusses the import of an insured naming a contingent beneficiary, and says (§ 27:2):

"The naming of contingent beneficiaries in the initial contract of insurance has the same effect with respect to the ultimate disposition of the proceeds of the policy as though the insured made a change of beneficiary after death or disqualification of the original beneficiary."

We, therefore, hold that as a matter of contract interpretation a contingent beneficiary will be qualified to receive the proceeds of an insurance policy upon the disqualification of the primary beneficiary unless a provision of the insurance contract requires a different result.

On the facts of this case we hold that the naming of a contingent beneficiary in the insurance contract satisfies the statutory requirement that a divorced husband affirmatively designate another person if he desires the proceeds of his life insurance to go to someone other than his estate.

Reversed and remanded.

T. E. BRENNAN, C.J., and DETHMERS, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred with T. G. KAVANAGH, J.

KELLY, J., did not sit in this case.