**GOVERNMENT PERSONNEL MUTUAL LIFE INSURANCE COMPANY,**
Plaintiff-Appellee,

v.

**Edward J. KAYE, Administrator of the Estate of Leon V. Kaye, a/k/a Leon V. Krzewicki, Deceased, Defendant-Appellee,**

v.

**Grace M. KRZEWICKI, Defendant-Cross-Plaintiff, Appellant.**

No. 78–2160

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 22, 1978.

Blake H. Bailey, Henderson, Tex., for defendant-cross-plaintiff, appellant.

Dean W. Turner, Henderson, Tex., James A. O'Toole, Warren, Mich., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

We affirm the judgment appealed from for the reasons given in the District Court's Order, which we attach here as an appendix. We note that Michigan courts would give full effect to the original divorce decree and property settlement in a subsequent interpleader action. *Prudential Ins. Co. of America v. Irvine,* 338 Mich. 18, 61 N.W.2d 14 (1953), and that a Texas state court would also enforce the original decree. *McElreath v. McElreath,* 162 Tex. 190, 345 S.W.2d 722 (1961).

APPENDIX

In the United States District Court
for the Eastern District of Texas
Tyler Division

No. TY–77–90–CA

ORDER

STEGER, District Judge.

This is an interpleader action in which each Defendant claims the interplead life insurance benefits, and seeks a summary judgment to that effect. The Court having considered the stipulated facts, briefs of counsel, and the applicable law in this area, is of the opinion that the motion for summary judgment of Grace M. Krzewicki should be denied and the motion for summary judgment of Edward J. Kaye, Administrator of the Estate of Leon V. Kaye, a/k/a Leon V. Krzewicki, should be granted.

The Court bases its holding on the following: (1) Under 28 U.S.C. § 1738 "federal courts are required to give full effect to the final judgments of state courts, . . ." *Hazen Research, Inc. v. Omega Materials, Inc.,* 497 F.2d 151, 153 (5th Cir. 1974). More specifically, under 28 U.S.C. § 1738, "a final decree of divorce rendered in one state 'should have the same credit, validity and effect, in every other court in the United States, which it had in the State where it was pronounced,' *Hampton v. McConnell,* 16 U.S. (3 Wheat.) 234, 235, 4 L.Ed. 378 (1818) (Marshall, C. J.), as long as the jurisdictional facts, including domicile are validly established whenever the decree is questioned. *Williams v. State of North Carolina,* 317 U.S. 287, 293–294, 63 S.Ct. 207, 87 L.Ed. 279 (1942)." *Holm v. Shilensky,* 388 F.2d 54, 56 (2d Cir. 1968).

(2) A Michigan state court which had jurisdiction over the parties granted a Default Judgment of Divorce to Leon V. Kaye, a/k/a Leon V. Krzewicki, deceased, and Grace M. Krzewicki on or about April 29, 1974, which Judgment provided that the proceeds of any policies of life insurance on Leon V. Kaye, a/k/a Leon V. Krzewicki, would become payable to such beneficiary as Leon Kaye should affirmatively designate. Subsequent to said Divorce Judgment Leon V. Kaye failed to affirmatively designate anyone as his beneficiary.

(3) Under Michigan law, Leon V. Kaye was required to take positive affirmative action to redesignate his divorced wife as the beneficiary of his life insurance policies *subsequent* to their divorce in order to give her such status. *See Northeastern Life Insurance Co. of New York v. Cisneros,* 392 F.2d 198, 200 (6th Cir. 1968). Even when the insured husband makes no effort to strike the divorced wife's name as the designated beneficiary, but instead permits her to continue as beneficiary of record after the divorce, the ex-wife's interest in the policies is terminated absent positive affirmative action of the husband to redesignate her as beneficiary. *Northeastern Life Insurance Co. of New York v. Cisneros,* 260 F.Supp. 675 (E.D.Mich.1966); *see Prudential Ins. Co. of America v. Irvine,* 338 Mich. 18, 61 N.W.2d 14 (1953). When, as in the instant case, the insured former husband fails to affirmatively designate his ex-wife as the beneficiary of his life insurance policies *subsequent* to a divorce, his policies automatically become payable to his estate upon his death. M.S.A. § 25.131, Compiled Laws Michigan, 1948, § 552.101.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that the Motion for Summary Judgment of Grace M. Krzewicki is DENIED, and the Motion for Summary Judgment by Edward J. Kaye be, and the same is hereby GRANTED, and it is further ORDERED that Edward J. Kaye, Administrator of the Estate of Leon V. Kaye, a/k/a Leon V. Krzewicki recover the funds interplead in the Registry of the Court in the amount of $13,364.94.

SIGNED this 29th day of March, 1978.