HOLLEY v SCHNEIDER

Docket No. 73641. Decided July 1, 1985. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals, reinstated the trial court's grant of summary judgment, and remanded the case to the trial court for further proceedings.

Sandra L. Holley brought an action in the Washtenaw Circuit Court against Joyce P. Schneider, the divorced wife of Paul F. Powell, Jr., and the estate of Paul F. Powell, Jr., deceased, claiming the proceeds of life insurance policies insuring Mr. Powell. The court, Ross W. Campbell, Jr., granted the plaintiff's motion for summary judgment. The Court of Appeals, T. M. Burns, P.J., and Beasley, J. (Hanson, J., dissenting in part), reversed in an unpublished opinion per curiam, holding that the estate should recover the proceeds (Docket No. 62703).

In a unanimous opinion per curiam, the Supreme Court *held:*

A contingent beneficiary is entitled to the proceeds of a life insurance policy when the primary beneficiary is disqualified because of divorce, even though the insurance policy provides only that the contingent beneficiary will take upon the death of the primary beneficiary.

Unless a policy provides otherwise, a contingent beneficiary is entitled to the proceeds of the policy if the primary beneficiary is disqualified. A divorced spouse is prohibited by statute from taking the proceeds of a life insurance policy unless the insured spouse takes affirmative action to provide for reinstatement. The policy in this case does not define contingent beneficiary or state when a contingent beneficiary is to take. A common-sense reading of the policy in its entirety reveals no manifest intent to extinguish the contingent beneficiary's interest upon the primary beneficiary's disqualification for a reason other than death.

Reversed and remanded.

*Egnor, Hamilton & Muth* (by *Andrew S. Muth*) for the plaintiff.

*Bishop & Shelton, P.C.* (by *Thomas H. Blaske*), for the defendants.

PER CURIAM. The issue before us is whether a contingent beneficiary is entitled to life insurance proceeds when the primary beneficiary is disqualified because of divorce and the insurance policy provides only for the passing of a designated beneficiary's interest when the beneficiary predeceases the insured.

I

On January 25, 1978, decedent Paul F. Powell signed a group insurance enrollment form at his place of employment. He also filled out the accompanying beneficiary card, designating his estranged wife Joyce as primary beneficiary and Sandra L. Holley, a friend, as contingent beneficiary. The Powells had married in 1970, but had separated in 1975. One child, a daughter, was born of the marriage. Divorce proceedings were begun in 1977, with the final judgment entered on October 13, 1978. The judgment provided, *inter alia,* that Joyce Powell would have no beneficiary interest in any life insurance policy insuring her former husband.

On February 9, 1980, Paul Powell was murdered in the City of Ann Arbor. The insurance policy taken out by Powell provided for a total of $20,000 in benefits, $10,000 in group life insurance and $10,000 because of accidental death. On January 15, 1981, Sandra Holley filed suit in Washtenaw Circuit Court against the insurer, Prudential Insurance Company of America, claiming the proceeds from Powell's policy. Prudential thereafter successfully interpleaded all claimants to the insurance proceeds—plaintiff Holley and defendants

Joyce Powell Schneider and the estate of Paul F. Powell.

The trial court granted Holley's motion for summary judgment on January 27, 1982, relying on *Starbuck v City Bank & Trust Co,* 384 Mich 295; 181 NW2d 904 (1970).[1] The defendants appealed.

On December 7, 1983, a divided Court of Appeals reversed the trial court's decision in an unpublished per curiam opinion. The majority held that the insurance proceeds should go to decedent's estate. The Court reasoned that Joyce Powell Schneider was not entitled to the proceeds because of the terms of the divorce decree and the statutory requirement[2] that, following a divorce, an insured must take affirmative action to reinstate the former spouse as a beneficiary. As to Sandra Holley, the majority held that she was not entitled to the insurance proceeds because she was not a valid contingent beneficiary under the circumstances of this case. This was so, the Court reasoned, because of certain language in the insurance contract which assumed that a contingent beneficiary would take only upon the death of the primary beneficiary.

Judge Kurt N. Hansen agreed with the majority as to Joyce Powell Schneider, but dissented as to Holley. Judge Hansen would have affirmed the trial court's grant of summary judgment. He also dissented from the decision to deny rehearing.

---

[1] In *Starbuck,* the dispute was between the decedent's mother and his estate. The mother had been named contingent beneficiary and the decedent's wife primary beneficiary. The wife was specifically excluded from sharing the insurance proceeds, however, pursuant to MCL 552.101; MSA 25.131 and the divorce decree which entered shortly before decedent's death. This Court held that inasmuch as the insurance policy contained no contrary provision, the decedent's mother was entitled to the proceeds as a matter of contract interpretation even though the decedent had failed to name a new primary beneficiary when his wife was disqualified because of their divorce.

[2] MCL 552.101; MSA 25.131.

Sandra Holley has applied to this Court for leave to appeal the decision of the Court of Appeals.

## II

In reaching its decision that the insurance proceeds belonged to the decedent's estate, the Court of Appeals relied heavily on the following language in the insurance policy:

> If more than one Beneficiary is designated and in such designation the Employee has failed to specify their respective interests, the Beneficiaries will share equally. Unless otherwise provided in the Employee's Beneficiary designation, the interest of any designated Beneficiary predeceasing the Employee will terminate and will be shared equally by any Beneficiaries who survive the Employee. Any amount of the insurance for which there is no disposition of a terminated interest as provided above and any other amount of the insurance for which there is no Beneficiary at the death of the Employee, will be payable to the estate of the Employee unless otherwise provided in the Assignment Limitations.

The majority, noting that the policy itself does not define contingent beneficiary or state when a contingent beneficiary is to take, inferred from the provision that a contingent beneficiary could take only upon the death of the primary beneficiary. To hold otherwise, the Court concluded, would render meaningless the language "[a]ny amount of the insurance for which there is no disposition of a terminated interest as provided above . . . will be payable to the estate of the employee . . . ." The contract provision meant that Holley was not a contingent beneficiary under the circumstances, the Court concluded. The majority believed this

result to be consistent with the rule of *Starbuck v City Bank & Trust Co* that, unless a policy provides otherwise, a contingent beneficiary is entitled to insurance proceeds if the primary beneficiary is disqualified. See footnote 1.

We reaffirm the rule of *Starbuck,* but disagree with the Court of Appeals that the insurance policy in the instant case contains a provision sufficient to eliminate the contingent beneficiary's interest. Like the trial court and Judge Hansen who dissented from the majority opinion in the Court of Appeals, we find no manifest intent in the policy to extinguish Holley's entitlement as contingent beneficiary upon the disqualification of the primary beneficiary by divorce. As Judge Hansen pointed out, there are other provisions of the decedent's insurance policy that are relevant to this case. The two paragraphs which immediately precede the language relied on by the Court of Appeals majority read:

> Any insurance under the Group Policy becoming payable on account of the death of an Employee, will be payable to the person designated by him as his Beneficiary on a form satisfactory to Prudential, subject to the facility of payment provision as included under the Coverage Schedule and subject to the provisions of Assignment Limitations section.
>
> At any time the Employee may, without the consent of his Beneficiary, change the Beneficiary by filing written notice of the change to the Policy holder on a form satisfactory to Prudential. The new designation will take effect on the date the notice was signed, except that it will not apply as to any amount paid by Prudential before receipt of the notice.

Yet another paragraph provides:

> Your Term Life Insurance will be paid to any beneficiary you name and have on record in the Personnel Department. You may change the beneficiary whenever you wish by completing form GRP (NCHO) 597 obtainable from the Personnel Department.

When the relevant provisions of decedent's insurance policy, including the enrollment card, are read in their entirety as they must be, we find no attempt to prevent the contingent beneficiary from taking when a primary beneficiary cannot take for a reason other than death. We believe that such an interpretation strains the common-sense meaning of the policy.

Accordingly, for the reasons stated, in lieu of granting leave to appeal, MCR 7.302(F)(1), we reverse the decision of the Court of Appeals and reinstate the trial court's grant of summary judgment. We remand the case for proceedings consistent with this opinion.

WILLIAMS, C.J., and LEVIN, RYAN, BRICKLEY, CAVANAGH, BOYLE, and RILEY, JJ., concurred.