426 Mich. 630 (1986)
397 N.W.2d 162
In re SEITZ ESTATE
SEITZ
v.
METROPOLITAN LIFE INSURANCE COMPANY
Docket No. 76456, (Calendar No. 18).
Supreme Court of Michigan.
Argued October 9, 1986.
Decided December 8, 1986.
Braun, Kendrick, Finkbeiner, Schafer & Murphy (by Thomas R. Luplow and Scott C. Strattard) for the petitioner.
Joseph, Wolf & Endean, P.C. (by Lorraine S. Paskiewicz), for the respondents.
WILLIAMS, C.J.
This case arises from a dispute between an insured's first wife and second wife over the proceeds of a life insurance policy. The insured's first wife and son were named primary and contingent beneficiaries, respectively, and the insured never changed these beneficiary designations after his divorce and second marriage.
The specific issue we address is whether the proceeds of a life insurance policy should be paid to the contingent beneficiary or to the estate of the insured when the policy designates the contingent beneficiary as taking in the event the primary beneficiary predeceases the insured, and this precondition has not occurred. We hold that a contingent beneficiary is not qualified to receive the proceeds of a life insurance policy when the primary beneficiary has been disqualified by divorce if the beneficiary designation explicitly states, "In the event said [primary] beneficiary predeceases me, I hereby designate as contingent beneficiary" on the line preceding the naming of the contingent beneficiary, and the primary beneficiary has not predeceased the insured.
I. FACTS
On January 2, 1974, Leroy J. Seitz enrolled in a group life insurance plan with Metropolitan Life Insurance Company offered through his employer, Michigan Bell Telephone Company. On the beneficiary designation form, Seitz named his then-wife, *633 Loretta Seitz, as primary beneficiary. Below the line naming the primary beneficiary, the beneficiary designation card read, "In the event said beneficiary predeceases me, I hereby designate as contingent beneficiary ____." In the space provided, Seitz filled in the name of his only child at the time, Aaron A. Seitz, as contingent beneficiary. Less than two weeks later, on January 13, 1974, Loretta gave birth to their second child, Erica.
Leroy and Loretta Seitz were divorced on September 14, 1981. By statute, the divorce judgment terminated all rights Loretta may have had in the proceeds of any life insurance policy on Leroy in which she was a named beneficiary. See MCL 552.101; MSA 25.131. Further, the divorce judgment ordered that Leroy Seitz "shall designate his two children as beneficiaries of the total sum of $40,000.00 dollars in insurance coverage on his life ... [to] continue until the children have reached the age of 18...."
Subsequently, Leroy married his second wife, Linda Seitz. Leroy was killed in a farm accident on June 11, 1983, when Linda was seven months pregnant with Leroy's third child, Lisa. At no time after Leroy's initial enrollment and before his death were the beneficiary designations on Leroy's group life insurance policy with Metropolitan Life changed.
On June 27, 1983, Loretta Seitz filed a claim with Metropolitan Life for the full amount of the life insurance policy. The policy paid a basic amount of $37,000, a supplemental amount of $37,000, and an accidental death benefit of $37,000 for a total of $111,000 plus accrued interest from the date of death to the date of payment.
On August 4, 1983, the Saginaw County Probate Court entered an order naming Linda Seitz as personal representative for the estate of Leroy J. *634 Seitz. On November 14, 1983, Linda Seitz, individually, and on behalf of the estate, filed a petition against the Metropolitan Life Insurance Company in which she claimed $71,000 of the life insurance proceeds, recognizing that the divorce judgment mandated the prior payout of $40,000, plus $1,865 in accrued interest, to Aaron and Erica Seitz. Linda Seitz later amended this petition to include as additional respondents, Loretta Seitz, individually, and as general guardian for the estates of the minor children, Aaron Seitz and Erica Seitz, and George Bush, as guardian ad litem for Lisa Seitz.
In a response filed December 8, 1983, Loretta Seitz claimed that the $71,000 balance was payable to the contingent beneficiary, Aaron Seitz. On December 13, 1983, Lisa Seitz, through her guardian ad litem, filed a response consenting to an order granting the petition.
On January 19, 1984, all parties stipulated to discharge Metropolitan Life Insurance Company from any liability arising from the insurance claim upon its payment of $41,865 to Loretta Seitz as guardian for the estates of Aaron Seitz and Erica Seitz and payment of the remaining $71,000 plus accrued interest jointly to the two attorneys representing the petitioner and the respondents, respectively. These payments were made, and the parties went to trial on the remaining issue. On May 3, 1984, the Saginaw County Probate Judge issued an order directing the release of the remaining $71,000 to the contingent beneficiary, Aaron Seitz. The Court of Appeals affirmed, In re Seitz Estate, 142 Mich App 39, 45; 369 NW2d 258 (1985), finding that the words requiring that the primary beneficiary predecease the contingent beneficiary "should be construed as being illustrative of a form of disqualification rather then [sic] being dispositive or preconditional."
*635 We reverse the decision of the Court of Appeals and hold that when a life insurance policy beneficiary designation states that a contingent beneficiary takes in the event the primary beneficiary predeceases the insured, and the primary beneficiary has not predeceased the insured but is disqualified by divorce, the contingent beneficiary is not qualified to receive the proceeds of the insurance policy.
II. ANALYSIS
As stated previously, only $71,000 of the total of $111,000 is contested in this case. Both parties have stipulated to a prior payout of $40,000 plus interest that Aaron and Erica Seitz are to share equally.[1] Further, both parties concede that the divorce judgment and MCL 552.101; MSA 25.131 operate to disqualify Loretta Seitz from being the primary beneficiary. Thus, Loretta Seitz' only claim against Linda Seitz is as guardian for Aaron Seitz, the contingent beneficiary named in the policy.
Two provisions govern the eventual distribution of the life insurance proceeds in this case. The first is contained in § 13 of the life insurance contract, which states, in pertinent part:
If any designated Beneficiary shall predecease the Employee or Retired Employee the rights and interest of such Beneficiary shall thereupon automatically terminate. If, at the death of the Employee or Retired Employee there be no designated Beneficiary as to all or any part of the insurance, then the amount of the insurance payable for which there is no designated Beneficiary shall be *636 payable to the estate of the Employee or Retired Employee, provided, however, that the Insurance Company may, in such case, at its option, pay such amount to any one of the following surviving relatives: wife, husband, mother, father, child, or children, and payment to any one or more of such surviving relatives shall completely discharge the Insurance Company's liability with respect to the amount of insurance so paid. [Emphasis added.]
This provision becomes relevant if both the primary and contingent beneficiaries are disqualified and a determination must be made as to who or what is authorized to receive the policy proceeds.
The second provision is a subsection contained within the Michigan divorce statutes. The applicable portion provided:
Each decree of divorce shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance, endowment, or annuity upon the life of the husband in which the wife was named or designated as beneficiary, or to which the wife became entitled by assignment or change of beneficiary during the marriage or in anticipation of marriage. If the decree of divorce does not determine the rights of the wife in and to a policy of life insurance, endowment, or annuity, the policy shall be payable to the estate of the husband or to the named beneficiary if the husband so designates. [1982 PA 184, MCL 552.101(2); MSA 25.131(2). Emphasis added.]
This subsection applies when the rights of the insured's wife "in and to a policy of life insurance" are not determined in the divorce decree. An examination of the divorce judgment between Leroy and Loretta Seitz, reveals this to be the situation in the case at bar.
Before we decide whether these provisions come *637 into play, however, we must first ask whether the contingency statement on the beneficiary designation card of the insured's life insurance policy is ambiguous when it states, "In the event said beneficiary predeceases me, I hereby designate ____." The applicable rule is that "[i]n the absence of ambiguity, the rights of the parties rest on the contract as written." Vigil v Badger Mutual Ins Co, 363 Mich 380, 383; 109 NW2d 793 (1961). The critical word in this statement is "predecease." No special definition of the term "predecease" appears in the definition section of the life insurance policy so as to render a disqualification by divorce of a primary beneficiary equivalent to predeceasing an insured. As this Court has stated before, "We do not rewrite the agreement of the parties under the guise of interpretation." Id. Thus "predecease" must be construed according to its plain and common meaning. If the word "predecease" means to die before, "said beneficiary" refers to the primary beneficiary, and "me" refers to the insured, the phrase "in the event said beneficiary predeceases me, I hereby designate" means only one thing, that the contingent beneficiary takes when the primary beneficiary dies before the insured dies. Therefore, the contingency statement in this case is not susceptible of two different meanings, but is clear and unambiguous and must be followed according to its terms.
Our prior decisions in Holley v Schneider, 422 Mich 248; 369 NW2d 857 (1985), and Starbuck v City Bank & Trust Co, 384 Mich 295; 181 NW2d 904 (1970), provide guidance, but do not address the specific issue in the instant case, that is, the effect of an explicitly stated precondition in the policy that the primary beneficiary predecease the contingent beneficiary before the contingent beneficiary *638 may take.[2] In both Holley and Starbuck this precondition was not stated on either beneficiary designation card. See Starbuck, supra, p 296, n 1.
In Starbuck, the insured named his wife as primary beneficiary and his mother as contingent beneficiary on a life insurance policy. The insured became divorced from his wife several weeks before his death. The dispute over the proceeds was between the insured's estate and his mother. In its opinion, this Court remarked, "It is perhaps pertinent to note at this point that the insurance policy does not enumerate any events upon which the mother would receive the proceeds of the policy aside from her designation as the `contingent' beneficiary." Starbuck, supra, p 298. Thus finding no contingency, the Starbuck Court held that "as a matter of contract interpretation a contingent beneficiary will be qualified to receive the proceeds of an insurance policy upon the disqualification of the primary beneficiary unless a provision of the insurance contract requires a different result." Id., p 301 (emphasis added).
This Court reaffirmed the rule of Starbuck in Holley. The insured in Holley had designated his *639 estranged wife as primary beneficiary and a friend as contingent beneficiary. The insured's divorce was final over a year before his death. The contingent beneficiary claimed the insurance proceeds. We found for the contingent beneficiary and disagreed with the Court of Appeals which had held that "the insurance policy in the instant case contains a provision sufficient to eliminate the contingent beneficiary's interest." Holley, supra, p 252. What distinguishes Holley from the instant case, however, is that the enrollment card in Holley did not include the precondition. Thus, in Holley, there was no reason to exclude the contingent beneficiary from receiving the proceeds because no provision of the insurance contract required a different result.
From this analysis, it is apparent that Holley and Starbuck lacked the critical fact that determines the outcome in the instant case: an explicitly stated precondition on the beneficiary designation card that requires a different result from that of the contingent beneficiary's taking. The precondition stated that the contingent beneficiary will take in the event that the primary beneficiary predeceases the insured. The primary beneficiary has been disqualified by divorce, but has not predeceased the insured. This Court will not expand the plain meaning of a contract or attempt to discern the intent of an insured beyond the stated language of the policy when that language is unambiguous. Therefore, because a provision of the insurance contract requires a different result, the contingent beneficiary is not qualified to receive the proceeds of the insurance policy upon the disqualification of the primary beneficiary.
With the contingent beneficiary disqualified, we must look to the insured's insurance contract and MCL 552.101(2); MSA 25.131(2) for the determination *640 of who or what will receive the insurance proceeds. The contract and the statute list the insured's estate as the next beneficiary after the disqualification of the named beneficiaries, in the case of the insurance contract, or the nonprovision for the wife in the divorce judgment, in the case of the statute. Thus, upon the disqualification of the primary and contingent beneficiaries, the estate of Leroy Seitz is the beneficiary of the $71,000 balance in insurance proceeds.
III. CONCLUSION
We hold that a contingent beneficiary is not qualified to receive the proceeds of a life insurance policy when the primary beneficiary has become disqualified by divorce and an explicit precondition in the beneficiary designation requires that the primary beneficiary predecease the contingent beneficiary and this prior death has not occurred.
We reverse the decisions of the Court of Appeals and the trial court and order the balance of Leroy Seitz' life insurance policy, $71,000 plus accrued interest, to be paid to Linda Seitz in her capacity as personal representative of the estate of Leroy Seitz.
LEVIN, BRICKLEY, CAVANAGH, and ARCHER, JJ., concurred with WILLIAMS, C.J.
RILEY, J. (dissenting).
Because I believe the Court's decision is substantially inconsistent with our decision in Holley v Schneider, 422 Mich 248; 369 NW2d 857 (1985), I cannot join in it. While I agree that the present case is distinguishable to the extent that the printed beneficiary card differs in form, I am not persuaded that the distinction relied upon adequately supports the ultimate inconsistency *641 in result. If anything, the judicial policy favoring consistency and predictability, and our reasoning in both Holley and Starbuck v City Bank & Trust Co, 384 Mich 295; 181 NW2d 904 (1970), militate against it.
BOYLE, J., concurred with RILEY, J.
NOTES
[1] Recall that in the divorce judgment between Loretta and Leroy Seitz, Leroy was to have designated Aaron and Erica as joint beneficiaries of $40,000 of life insurance.
[2] In a case that did not reach this Court, Hilliker v Dowell, 54 Mich App 249; 220 NW2d 712 (1974), the Court of Appeals followed Starbuck and held that "since no provision of the policy requires a different result, upon the disqualification of the `primary beneficiary,' the `contingent beneficiaries' are entitled to the proceeds of the policy." Id., p 252. The respondent and the Court below incorrectly characterize the Hilliker decision as addressing the precise issue in the instant case. Seitz, 142 Mich App 43 (finding that "the contingent beneficiary took `in the event of the death of the primary beneficiary'"), quoting Hilliker, supra, p 251. It is not clear from the Court of Appeals opinion in Hilliker whether the beneficiary designation card in that case required the primary beneficiary to predecease the insured. The more complete quote from Hilliker is as follows: "At issue is the legal effect of an instrument executed by the decedent on October 5, 1953, in which he named `Charlie Mae Dowell, wife' as primary beneficiary, and `children' without further description as contingent beneficiaries under the policy in the event of the death of the primary beneficiary." Hilliker, supra, p 251.