KATHLEEN S. DOYLE, as Executrix of HAROLD A. DePUY, Deceased, Respondent, v JANICE SULLIVAN, Formerly Known as JANICE DePUY, et al., Defendants.

TEACHER'S INSURANCE AND ANNUITY ASSOCIATION AND COLLEGE RETIREMENT EQUITIES FUND, Interpleader Plaintiff, v KATHLEEN S. DOYLE, as Executrix of HAROLD A. DePUY, Deceased, et al., Interpleader Defendants-Respondents, and MARK DePUY et al., Interpleader Defendants-Appellants, et al., Interpleader Defendant. (Appeal No. 1.)

Fourth Department, January 31, 1991

**APPEARANCES OF COUNSEL**

*Robert A. Schwartz* for interpleader defendants-appellants.

*Zicari, McConville, Cooman, Morin & Welch, P. C. (Alan Ross* of counsel), for respondent.

*Weidman, Vazzana & Corcoran, P. C. (James Vazzana* of counsel), guardian ad litem *pro se.*

### OPINION OF THE COURT

DAVIS, J.

The issue presented by this appeal is whether the death benefits payable under annuity contracts (annuities) should be paid to the contingent beneficiaries or to the annuitant's estate when the primary beneficiary survives the annuitant (decedent) but is otherwise disqualified from receiving those death benefits. Entitlement to those death benefits is variously claimed by decedent's former wife, Janice Sullivan, who was designated the primary beneficiary of the annuities, by the six children of the decedent and Sullivan who were designated the contingent beneficiaries of the annuities (contingent beneficiaries) and by Kathleen Doyle, as executrix of decedent's estate. Supreme Court determined that Sullivan had waived her right to those benefits in her action for a divorce against decedent, that the contingent beneficiaries were not entitled to those benefits because Sullivan, although disqualified from receiving them, had not predeceased decedent, and that they should be paid to decedent's estate. We conclude, to the contrary, that the contingent beneficiaries are entitled to receive those benefits.

In 1966, decedent purchased two retirement annuities from the Teacher's Insurance and Annuity Association and College Retirement Equities Fund (TIAA-CREF), and, in 1967, he named "Janice DePuy, wife" (i.e., Janice Sullivan) as the primary beneficiary of the annuities and their children as the contingent beneficiaries of the annuities, should any death benefits become payable. Those designations remained unchanged at the time of decedent's death on January 6, 1990.

The decedent and Sullivan were divorced by a decree of Supreme Court on December 30, 1986. Pursuant to their stipulated property settlement, incorporated but not merged into the judgment of divorce, they agreed to a distribution of their respective retirement funds according to the *Szulgit* formula *(see, Szulgit v Szulgit,* 92 AD2d 712). On April 26, 1989, Supreme Court issued a qualified domestic relations order by which TIAA-CREF was directed, in pertinent part, to deliver to Sullivan 50% of the current value of the decedent's

annuities as of August 5, 1985. In effecting that transaction, Sullivan executed a release of "any and all rights or interest in the balance of the Annuity(ies) on the life of Harold DePuy".

After decedent's death, a dispute arose over the payment of the death benefits, and Doyle, as executrix of decedent's estate, commenced a declaratory judgment action against Sullivan and TIAA-CREF, seeking, in pertinent part, a judgment directing TIAA-CREF to pay the death benefits to the estate. Doyle also sought a judgment directing compliance with that part of the 1989 qualified domestic relations order that ordered TIAA-CREF to transfer to decedent 50% of the value of Sullivan's retirement annuities as of August 5, 1985. Supreme Court ultimately granted that relief to Doyle and no appeal has been taken from that part of the judgment. TIAA-CREF then commenced an interpleader action, as a stakeholder, naming Doyle, Sullivan, the contingent beneficiaries and James E. Vazzana, Esq., guardian ad litem of Ethan DePuy, the son of decedent and Doyle, as defendants. Thereafter, TIAA-CREF was discharged as stakeholder and was directed to deposit the death benefits, an amount of $46,901.94 plus interest, designated "annuity proceeds" in Supreme Court's order dated January 3, 1991, with the Monroe County Treasurer (see, CPLR 1006 [f]).

Doyle moved for summary judgment, and Sullivan and the contingent beneficiaries cross-moved for summary judgment, each seeking, among other things, the death benefits. In pertinent part, Supreme Court, by an order and judgment entered March 18, 1991, declared that Sullivan had waived her right to the death benefits when she released her interest in the annuities pursuant to the qualified domestic relations order, but otherwise denied the various motions for summary judgment with respect to the death benefits because it found that the language of the annuity contracts was ambiguous with respect to whether the contingent beneficiaries were entitled to the death benefits when the primary beneficiary was disqualified but still living. Doyle renewed her motion, and the contingent beneficiaries moved for reargument of their cross motion for summary judgment, and on June 3, 1991, upon granting renewal and reargument, Supreme Court granted Doyle summary judgment directing that the death benefits be paid to decedent's estate.

Supreme Court correctly determined that Sullivan had waived her interest as primary beneficiary of the death bene-

fits. In receiving the benefit of the qualified domestic relations order and in executing the release, Sullivan "received the consideration bargained for, and she became bound to fulfill her promise not to make [a] claim for retirement program death benefits" *(Curley v Giltrop,* 68 NY2d 651, 654, *rearg denied* 68 NY2d 754; *see, Mohawk Airlines v Peach,* 61 AD2d 346, *lv denied* 44 NY2d 838).

As between the contingent beneficiaries and the decedent's estate, the issue is one of contract interpretation, which should be determined as a matter of law by the court. Here, the contracts consist of the annuity application, the beneficiary designation form and the application instructions provided by TIAA-CREF. The annuity application provided that "If no Primary Beneficiary (Class I) is living at the time of your death, the proceeds are payable to the Contingent Beneficiary (Class II)." The beneficiary designation form included no such language. Supreme Court ultimately concluded that the contingent beneficiaries were "precluded from taking unless the primary beneficiary predeceased the decedent." We disagree.

Although the annuity contracts refer to the death of the primary beneficiary as one event that would allow the contingent beneficiaries to recover the death benefits, they do not indicate that the primary beneficiary's death is an indispensable condition precedent to their recovery *(see, Hoffman v White,* 277 So 2d 290 [Fla Dist Ct App]; *Holley v Schneider,* 422 Mich 248, 369 NW2d 857). We hold that absent "an explicit precondition in the beneficiary designation requir[ing] that the primary beneficiary predecease the [decedent]", the contingent beneficiaries are entitled to recover the death benefits where, as here, the primary beneficiary survives the decedent but is otherwise disqualified from receiving those benefits *(cf., In re Estate of Seitz,* 426 Mich 630, 640, 397 NW2d 162, 166; *see generally, Matter of Kaplan,* 49 Misc 2d 335). Furthermore, the annuity application instructions, which were considered for the first time by Supreme Court on Doyle's motion to renew, reinforce the determination we make here. Those instructions provide: "The Primary Beneficiary (Class I) receives the benefits to be paid when the annuitant dies. If no Primary Beneficiary (Class I) is living *or in effect,* the benefits go to the Contingent Beneficiary (Class II) * * * If *none* of the beneficiaries [is] living, the proceeds go to your estate" (emphasis added).

Accordingly, judgment should be granted declaring that the

contingent beneficiaries are entitled to the death benefits designated "the annuity funds" in Supreme Court's order and judgment entered June 3, 1991.

DENMAN, P. J., CALLAHAN, GREEN and LAWTON, JJ., concur.

Order and judgment unanimously reversed, on the law, without costs, and judgment granted, in accordance with an opinion by DAVIS, J.